THE STATE, *Appellant*, v. KAIN.

Division Two, November 9, 1893.

Criminal Law: FALSE PRETENSES: STATUTE: CONSTITUTION. An indictment which charged that defendant obtained $400 from G. "by means and use of a cheat, a fraud, trick, deception and false and fraudulent representations and statements and false promises," is insufficient, though according to the form prescribed by Revised Statutes, 1889, section 3826, said section being unconstitutional, in that the form prescribed by it fails to notify defendant of the crime which he is required to defend. (*State v. Cameron, 117 Mo. 371.*)

118  5
148  156
118  5
174  668

*Appeal from St. Francois Circuit Court.*—HON. JAMES D. Fox, Judge.

AFFIRMED.

*R. F. Walker*, Attorney General, for the state.

The indictment in this case is insufficient, and no error was committed by the trial court in sustaining the demurrer. The indictment is drawn under section 3826, Revised Statutes, 1889, which section has by this court been held unconstitutional, in that it fails to notify the defendant of the charge which he is required to defend, and fails to charge the manner or means by which the fraud was perpetrated and the money or property obtained. *State v. Terry*, 109 Mo. 601; *State v. Benson*, 110 Mo. 18; *State v. Cameron*, 117 Mo. 371.

*Geo. M. Wilson* for respondent.

BURGESS, J.—At the November term, 1890, of the St. Francois circuit court, there was returned by the grand jury of said county an indictment against defendant, which, omitting the formal parts, is as follows: "The grand jury for the state of Missouri, now here in court empaneled, sworn and charged to inquire within and for the body of the county of St. Francois and state of Missouri, upon their oaths, do present and charge that one F. A. Kain, late of said county, at and in said county of St. Francois, and state aforesaid, on the ———— day of April, A. D. 1888, did unlawfully and feloniously obtain from Mollie Guyton $400, lawful money of the United States of the value of $400, the money and property of said Mollie Guyton, by means and use of a cheat, a fraud, trick, deception, and false and fraudulent representations and statements and false promises, contrary to the form of the statute, and against the peace and dignity of the state."

The defendant filed a demurrer to the indictment, assigning the following reasons: *First,* "because said indictment and facts contained therein and stated are not sufficient in law, and do not constitute any offense under the law of this state; *second,* because said indictment fails to charge that defendant obtained from Mollie Guyton the money mentioned therein with intent to cheat and defraud." The demurrer was sustained and defendant discharged, to which action the state at the time excepted, and in due time perfected its appeal.

The indictment is drawn under section 3826, Revised Statutes, 1889, which section has by this court been held unconstitutional, in that it fails to notify the defendant of the charge which he is required to defend. *State v. Cameron,* 117 Mo. 371, and authorities therein cited.

Judgment affirmed. All of this division concur.