# THE STATE v. MATTIE KELLY, alias MATTIE KLOTZ, Appellant.

### Division Two, November 18, 1902.

False Pretenses: INDICTMENT: MUST CHARGE DELIVERY. It is not sufficient that an indictment for obtaining money by false pretenses allege that "by reason of the false and fraudulent pretenses and representations of defendant" a certain person "was induced to sell and deliver to" such defendant certain articles or money. It must also charge that said person "did" deliver said property to defendant.

Appeal from St. Louis City Circuit Court.—*Hon. H. D. Wood,* Judge.

REVERSED AND REMANDED.

*Charles P. Johnson* and *Ashley C. Clover* for appellant.

The indictment is fatally defective and does not state an offense.   State v. Phelan, 159 Mo. 122.

*Edward C. Crow,* Attorney-General, and *Jerry M. Jeffries* for the State.

The indictment follows the language of the statute and sufficiently charges the offense, and is in every way sufficient.   The defendant relies upon State v. Phelan, 159 Mo. 122, as his authority for the charge of insufficiency of the indictment.   An examination of the opinion by Judge GANTT in that case reveals that the indictment in this case is sustained by the law.   Nothing is left to inference.   The only defect the court found in the indictment in the Phelan case was that the allegations "were induced to sell and did sell and deliver" were lacking.   The allegation in this case is as follows: Defendant, "by means of said false pretenses and rep-

resentations, so made as aforesaid, unlawfully, feloniously, designedly and fraudulently did obtain and receive from said Mueller Brothers Furniture and Carpet Company,'' etc.    The indictment has received the sanction of this court.    One less complete and more subject to criticism than this has been approved.    State v. Taylor, 142 Mo. 403; State v. Vorback, 66 Mo. 168.

BURGESS, J.—Defendant was convicted in the circuit court of the city of St. Louis, and her punishment fixed at two years' imprisonment in the penitentiary, under an indictment charging her with obtaining household furniture from Mueller Brothers Furniture & Carpet Company of the value of $81.95, by means of false and fraudulent pretenses and representations. She appeals.

While the indictment alleges that by reason of the false and fraudulent pretenses and representations of defendant, Mueller Brothers Furniture & Carpet Company ''was induced to sell and deliver'' to her furniture and a carpet on credit, it does not allege that the company *did* deliver said property to her, which is absolutely necessary under the rulings of this court in cases of this character, in order to make a good indictment.    Nothing is to be taken by intendment, but the indictment must allege all material facts.    [State v. Phelan, 159 Mo. 122; State v. Hubbard, 170 Mo. 346.]

The judgment is reversed and the cause remanded. All of this Division concur.