# THE STATE v. PICKETT, Appellant.

## Division Two, May 19, 1903.

1. **False Pretense: PUNISHMENT.** Under the statute (sec. 1927, R. S. 1899) making it a crime to obtain money by means of false and fraudulent representations, the guilty party is liable to be punished by imprisonment in the penitentiary if the amount of the money or property obtained thereby is such as would have sustained a conviction for grand larceny had he stolen it, and if less, then he is punishable as for petit larceny.

2. ———: **INDICTMENT: OMITTING WORD "DESIGNEDLY."** An indictment for obtaining money by false and fraudulent representations, which omits the word "designedly," or words which are its equivalent or broad enough to include it, does not charge an offense under section 1927, Revised Statutes 1899. That word is in that statute, and as the offense is statutory it is necessary to charge all the elements which are descriptive of the crime.

3. ———: ———: **UNDER SECTION 2213.** An indictment which charges that the defendant "by false and fraudulent representations, with intent to cheat and defraud" another who had given him a check, "falsely, fraudulently and feloniously representing and pretending" to said other "that he had mislaid and misplaced" said check and had not collected the same, thereby inducing the other to pay a part of it again, does not charge a crime under section 2213, Revised Statutes 1899, since that statute requires that the cheating and defrauding be done "by means or by use of some trick or deception or false or fraudulent representation," the purpose of the statute being to reach "confidence" men, etc. To make an indictment good under that section it should charge that defendant by means of or by the use of some trick or device or false pretense obtained the money, and should also describe the trick or false pretense.

4. ———: ———: ———: **STATUTORY FORM.** The form of the indictment prescribed by section 2213, Revised Statutes 1899, is unconstitutional, and where the statutory form is insufficient, the prosecuting attorney must draw the indictment according to the rules of common law, which for a violation of this statute, require him to set forth with particularity the trick and deception or false and fraudulent representation.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley*, Judge.

REVERSED.

*H. C. O'Bryan* for appellant.

Neither count in the information is good under the false pretense statute (sec. 1927, R. S. 1899), because the essential word, "designedly," is omitted from each count. So, too, it is bad under the cheats and fraud statute (sec. 2213, R. S. 1899), because the essential words, "by means and the use of," are omitted in the charging clause of the information.

*Edward C. Crow,* Attorney-General, and *C. D. Corum* for the State.

The indictment is sufficient. It advises the defendant of the nature and cause of the accusation against him. The false pretenses are set out in detail. It charges that the defendant knew them to be false at the time he made them, and that he made them feloniously and willfully and with the intent to defraud King; that King believed the representation made by the defendant to be true and relied thereon, and because thereof parted with his money and paid it to defendant. The indictment meets every requirement of the Constitution in that it fully sets forth the exact nature of the false representation made by the defendant, and in every way describes and individuates the offense. State v. Waldenburg, 159 Mo. 236; State v. Fraker, 148 Mo. 143.

GANTT, P. J.—The defendant was prosecuted by information filed by the prosecuting attorney of Pemiscot county at the February adjourned term, 1901, of the circuit court of that county. The information contained three counts, and the defendant was acquitted by the jury on the second and third counts and convicted on the first. As the sufficiency of this first count.

constitutes the principal contention on this appeal, we reproduce it here:

"L. L. Collins, prosecuting attorney within and for the county of Pemiscot and State of Missouri, upon his official oath informs the court that T. W. Pickett, late of the county of Pemiscot and State aforesaid, on the 25th day of June, 1901, at the county of Pemiscot and State aforesaid, did then and there willfully, unlawfully and feloniously with the intent to cheat and defraud one J. R. King, obtain from the said J. R. King, then and there being, seven dollars and sixty cents, lawful money of the United States, the property of the said J. R. King, by then and there falsely, fraudulently and feloniously representing and pretending to the said J. R. King that he the said T. W. Pickett had mislaid and placed and had not presented for payment and had not collected a certain draft drawn by the said J. R. King on Messrs. Cunningham Bros. in favor of him the said T. W. Pickett, when in truth and in fact he the said T. W. Pickett had prior thereto, to-wit, on the 24th day of June, 1901, presented and had collected said draft, which said draft was in words and figures and of the tenor as follows, to-wit:

" '$27.05. June 19, 1901.

" 'Messrs. Cunningham Bros. Pay to the order of T. W. Pickett twenty-seven and 05-100 dollars, value received, and charge the same to the account of to hauling.

" 'J. R. KING.'

"And the said J. R. King then and there believing the said false and fraudulent representations, statements and pretenses, so made as aforesaid, to be true, and relying upon the same, paid the said T. W. Pickett seven dollars and sixty cents, lawful money of the United States, which said sum of money was given by the said J. R. King and received by him the said T. W. Pickett as a payment on the debt for which said draft was drawn, all of said statements and represen-

tations aforesaid made by the said T. W. Pickett, he the said T. W. Pickett then and there well knew to be false, fraudulent and untrue, then and there made by him the said T. W. Pickett with the felonious intent the said J. R. King then and there and thereby to injure, cheat and defraud; and so L. L. Collins, prosecuting attorney aforesaid, doth say that the said T. W. Pickett by the means of the false and fraudulent representations, statements and pretenses as aforesaid did on the 25th day of June, 1901, at the county and State aforesaid, unlawfully, knowingly and feloniously receive and obtain the said sum of money, to-wit, seven dollars and sixty cents the property of him the said J. R. King with the felonious intent, then and there him, the said J. R. King to cheat and defraud of the same; against the peace and dignity of the State.''

The statute law of this State on the subject of obtaining money by means of false and fraudulent representations until 1879 was incorporated in what is now known as section 1927, Revised Statutes 1899.

It was first enacted by the Territorial Legislature in 1808. [1 Territorial Laws, ch. 65, p. 216.]

It has been continued and retained in all the revisions of our general laws from that date until the present. It provides that, ''Every person who with intent to cheat and defraud another shall designedly by color of any false token or writing, or by any other false pretense, obtain the signature of any person to any written instrument, or obtain from any person any money, personal property, right in action or other valuable thing or effects whatsoever, and every person who shall with the intent to cheat and defraud another, agree or contract with such other person or his agent, clerk or servant for the purchase of any goods, wares, merchandise or other property whatsoever to be paid for upon delivery, and shall, in pursuance of such intent to cheat and defraud after obtaining possession of any such property, sell, transfer, secrete or dispose

of the same before paying or satisfying the owner or his agent, clerk or servant therefor, shall upon conviction thereof be punished in the same manner and to the same extent as for feloniously stealing the money, property or thing so obtained."

Obviously under this section the guilty party was liable to be punished by imprisonment in the penitentiary if the amount of money or property obtained by the false pretense was such as would have sustained a conviction for grand larceny had he stolen it, and if less, then he is punishable as for petit larceny.

By reference to the terms of the section itself it will be seen that to constitute the offense the false pretense must be "designedly" used to obtain the money or other valuable thing, and as the offense is statutory it is necessary to charge all the elements which are descriptive of the crime, and the words constituting a part of the statutory definition can not be omitted without vitiating the indictment.   [State v. Hesseltine, 130 Mo. 468.]   At least the indictment must contain so many of the substantial words of the statute as will enable the court to see on what one it is framed, or words which are more than their equivalents, provided always they include the full significations of the statutory words.   [1 Bishop New Crim. Proc., 612, subsection 3, and cases cited.]

In this information the pleader has not used the word "designedly," which the statute uses as descriptive of the offense and no word which is equivalent to or broad enough to include it.   It follows then that the indictment is not sufficient to charge an offense under section 1927, Revised Statutes 1899.   Does it sufficiently charge one under section 2213, which provides that, "Every person who, with intent to cheat and defraud, shall obtain or attempt to obtain from any other person any money, property or valuable thing whatever, *by means or by use of any trick or deception or*

*false and fraudulent representation,"* etc., "shall be deemed guilty of a felony," etc.?

It will be noted that this section requires the money to be obtained "by means of or by use of some trick, deception or false pretense," etc.

It was, we think, the purpose of the statute to provide for a class of false representations not included in section 1927, supra. It was intended to reach a class of offenders known as "confidence men," who obtained the money of their victims "by means of or by the use of some trick or representation designed to deceive."

The very essence of the crime denounced by this section is that the injured party must have relied upon some false or deceitful pretense or device and parted with his property.

This court has time and again held that the form of indictment prescribed by this section is unconstitutional. [State v. Terry, 109 Mo. 601; State v. Kain, 118 Mo. 5.]

The pleader in this information not only fails to charge in the charging part of the information that the defendant *"by means of or by the use of"* any trick or device or *false pretense,* obtained the money, but wholly fails to describe the trick or false pretense by which King was misled into parting with his money. In State v. McChesney, 90 Mo. 120, it was ruled that where the statutory form was insufficient, as we have repeatedly held this to be, "the pleader must draw his indictment according to the rules of the common law, and these rules would require him to set forth with *particularity* 'the trick and deception or false and fraudulent representations,' " etc., so that "the accused would be informed sufficiently of the cause and nature of the accusation by the particular *description* of the *trick, device, or false pretense,* contained in the indictment."

In our opinion this information is insufficient to charge a crime under section 2213, Revised Statutes

State v. Pickett.

1899, and in justice to the prosecuting attorney we do not think he was endeavoring to charge an offense under it.

A careful examination of the testimony, moreover, fails to disclose any trick or deception which defendant used to induce King to let him have the $7.60. King testifies: "He [defendant] went to Dunklin county to look for a log hauler. When he got back he told me he didn't get it; said he was going to take the team over there; he needed a little money, I had seven dollars and sixty cents in my pocket, and gave him all I had. He says, 'The draft is down at the house somewhere;' that he would get it in time. I had the utmost confidence in him. I would let him have a thousand dollars." Conceding that defendant made a false statement as to the draft being at his house, it is evident no use was made of this falsehood to obtain the money. He was needing a little money and King advanced it, being willing to trust him, but there is nothing in this statement to show that "by means of or by use of the draft" he obtained the $7.60.

The statement if false was made voluntarily after he had received the money. The gravamen of the offense under this section is the obtaining of the money or property by means of or by use of "the trick or device or false pretense." Not only does the information fail to charge this in this case, but the evidence does not support a charge. Without discussing the other questions raised by the defendant, we have reached the conclusion that the information is insufficient to sustain the conviction and the judgment is reversed and the defendant *discharged*.

All concur.