STATE of Missouri, Respondent.

v.

Claude J. MURPHY, Appellant.

No. 48052.

Supreme Court of Missouri,
Division No. 1.

June 12, 1961.

Emanuel Williams, St. Louis, for appellant.

Thomas F. Eagleton, Atty. Gen., Daniel J. Leary, Sp. Asst. Atty. Gen., for respondent.

WESTHUES, Presiding Judge.

The defendant Claude J. Murphy, by an information in lieu of an indictment, was charged with stealing more than $50 by means of deceit. The information further charged that Murphy had on three prior occasions been convicted of felonies and had served prison sentences therefor. A trial by jury resulted in a verdict of guilty on the charge of stealing. The trial court heard evidence on the allegation of prior convictions and found the charge to be true. Thereupon, the court fixed Murphy's penalty at six years' imprisonment in the State Penitentiary. A motion for new trial was overruled and a motion for new trial on the ground of newly discovered evidence was likewise overruled. From the judgment entered, the defendant appealed.

No brief was filed by the defendant in this court. In the motion for new trial, defendant has preserved for our review the sufficiency of the information and the sufficiency of the evidence.

The evidence presents a unique set of facts as will be noted from the following statement: About August 1, 1959, Murphy arrived in the City of St. Louis and registered at the Chase Hotel. He made a visit to the office of the St. Louis Argus Publishing Company at 2312 Market Street where he informed the officers of the publishing company that he represented an organization named the Inter-Continental Development Foundation. He spoke of being a philanthropist and of being anxious to give away money to worthy charitable organizations. He promised to raise money and among other gifts he wanted to donate four or five thousand dollars to an Old Folks' Home in which the president of the Argus was interested. The Argus newspaper thereupon gave this would-be philanthropist wide publicity. Defendant next contacted Alderman Archie Blaine who was a member of the Metropolitan Missionary Baptist Church of which Dr. L. P. O'Hara was the pastor. Blaine introduced Murphy to O'Hara and the deacons of the church. This church had had property which had been condemned for the widening of Fourteenth Street. The money received as a result of this condemnation had been placed in a building fund. At this time there was approximately $17,636 in this building fund. Defendant proposed that a promotion plan be worked out to raise about $250,000, the amount the congregation needed for the construction of a new church. Defendant proposed that he would engage certain well-known entertainers, such as Mahalia Jackson, Red Foley, Jackie Robinson and others, for public appearances and thereby raise large sums of money.

During all of this time, Murphy was staying at the Chase Hotel. When Murphy first registered at the hotel, he was assigned a room at $23.92 per day. Later, on August 8, he requested a change and was given a room at $57.20 per day. Murphy remained at the hotel from August 1 to August 19. The room charge was not the only expense incurred at the hotel. The account showed charges for steaks and other foods plus fifteen fifths of whiskey. Murphy, during this stay at the hotel, entertained lavishly, inviting people who were interested in charitable institutions. The principal aim seemed to have been to impress the people who had charge of Reverend O'Hara's church.

The result of a number of meetings and negotiations was the proposal of a contract prepared by Murphy to transfer a portion of the building fund of the church to a fund to be known as a promotion fund.

This promotion fund was to be used exclusively to defray expenses incurred in connection with programs to be held at the Kiel Auditorium. Reverend O'Hara objected to portions of the contract and would not sign any contract to transfer any of the building fund until authorized by the congregation of his church. However, on August 17, a check for $5,000 was drawn upon the Building Fund, signed by Archie Blaine and Carl Mosley, Secretary and Treasurer of the church. This $5,000 was deposited in a bank to the account of the "Program Fund." The withdrawal check was not authorized by the congregation or by Reverend O'Hara. Blaine, who seems to have succumbed to the guiles of Murphy, brought about the transfer including the authority to Blaine and Murphy to draw against that fund. In the meantime, the hotel force was demanding a payment of Murphy's bill. On August 18, 1959, Murphy gave the hotel a check drawn on the "Program Fund" for $1,469.52 which check was immediately cashed at the bank. Evidently Blaine heard of the check and caused Murphy to be arrested. The balance due the hotel was $187.45 incurred from August 17 to August 19. Blaine reimbursed the church for the loss sustained.

■ Defendant did not testify. He called as witnesses a number of the officers of the Argus Publishing Company. We need not relate their testimony except to say that it materially aided the State's case and corroborated the State's theory. We deem it so apparent that the evidence is sufficient to sustain a conviction on a charge of stealing by deceit that citing authorities would be superfluous.

Defendant's claim that the information is defective is based on the theory that the court permitted the information to be amended by inserting therein the following: " 'With intent then and there to feloniously, intentionally and unlawfully appropriate and use the aforesaid property of the Metropolitan Missionary Baptist Church for his, the said Claude J. Murphy, purpose thus and thereby depriving the owner of the use thereof.' "

■ In the motion for new trial, defendant stated that he was "charged under Chapter 560.160, Section Two (2) supra; (d) That the said Statute does not provide for the amendment made by the Circuit Attorney to the substitute information; * * *." It is evident that the party who prepared the motion was confused. Section 560.160, supra, was repealed in 1955. See Laws 1955, p. 507. Further, when the aforesaid Section was in force, it was not germane to the question under consideration. Defendant was charged under Sec. 560.156, subd. 2, 1960 Cumulative Annual Pocket Part, RSMo 1959, V.A.M.S., which reads: "It shall be unlawful for any person to intentionally steal the property of another, either without his consent or by means of deceit." The penalty for a violation as charged in the information is provided for in Sec. 560.161, subd. 1(2), RSMo 1959, V.A.M.S. There is no merit in the contention that the court erred in permitting the information to be amended. See S.Ct. Rule 24.02, V.A.M.R., which reads: "The court may permit an information to be amended or an information to be substituted for an indictment at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced."

We find the information to be sufficient in both form and substance. The verdict of the jury and other matters of record have been examined and found to be free from error.

■ The motion for new trial on newly discovered evidence was based on the following theory: The State introduced evidence that the defendant had claimed that he represented an organization by the name of Inter-Continental Development Foundation. There was evidence that no such organization existed. One of defendant's witnesses testified that there had been such an organization but that it had gone out of

existence. Defendant, in the motion for new trial on newly discovered evidence, claims that he has learned that there is in fact such an organization. For obvious reasons, the trial court was right in overruling this motion.

The judgment is affirmed.

All concur.