STATE of Missouri, Respondent,

v.

Lawrence STEGALL, Appellant.

No. 48826.

Supreme Court of Missouri,

Division No. 1.

Feb. 12, 1962.

Robert A. McIlrath, Flat River, for appellant.

Thomas F. Eagleton, Atty. Gen., Phillip C. Houx, Sp. Asst. Atty. Gen., for respondent.

HOLMAN, Commissioner.

Appellant, Lawrence Stegall, hereinafter referred to as the defendant, was found guilty of the offense of obtaining money by false pretenses and his punishment was fixed by the jury at imprisonment in the penitentiary for a period of two years. He has appealed from the ensuing judgment.

Mr. J. S. Warner, Cashier of the Bank of Leadwood, testified that the defendant came to the bank on May 21, 1959, and told him that "he was buying a new 1959 Ford station wagon and wanted to borrow some money to purchase that automobile"; that he wanted to borrow $1,200 "on that automobile"; that he had a description of the car and its motor number, C9GR125448, written on a piece of paper; that a note in the amount of $1,566.24 and a chattel mortgage describing the car were prepared and executed by the defendant; that $1,200 was then paid to defendant (the remaining $366.24 being finance charge, interest, and insurance for two years); that defendant thereafter made certain payments on the note so that the balance due thereon (after crediting a refund of $88.20 received when the insurance policy was cancelled) was $880.63.

Trooper C. C. Maddox of the highway patrol testified that on December 6, 1959, he talked with the defendant at the county jail and defendant stated that "he had signed a mortgage at the Bank of Leadwood; that he had never owned a 1959 Ford Ranch Wagon, and that as far as he knew no such wagon ever existed." Sheriff Clay Mullins testified to substantially the same statement on the part of the defendant. H. V. Henderson, field officer for the Missouri Motor Vehicle Department, testified that he had checked the records and had found no record of the registration of the automobile described in the chattel mortgage in question.

Over the objection of defendant evidence was admitted tending to prove that defendant had committed two other allegedly similar offenses. We will hereinafter state the facts concerning that proof in our consideration of the contention that the court erred in the admission of same.

In his defense defendant testified that he bought the car described in the chattel mortgage in St. Louis from "a fellow by the name of Ellis" and had the car and a bill of sale thereto at the time he borrowed the money but did not obtain a title to the car. Defendant's sister-in-law testified that defendant had a 1959 Ford station wagon but she never saw it after defendant's wife "had left."

Defendant has not filed a brief in this court so we review the assignments properly raised in his motion for new trial.

The first assignment in the motion is that the trial court should have entered a judgment of acquittal for the reason that the information failed to state an offense.

We are of the opinion that the information in this case is fatally defective. In a case of this kind the allegation is required that the party defrauded relied upon and believed in the truth of the pretenses made by the defendant and was thus induced to part with his money or property. State v. Loesch, Mo.Sup., 180 S.W. 875; State v. Workman, Mo.Sup., 199 S.W. 131; State v. Robinson, Mo.Sup., 14 S.W.2d 452. That allegation is completely omitted from the information in this case.

We have concluded, however, that the judgment should not be reversed outright but that the cause should be reversed and remanded so as to give the State an opportunity to seek leave to file an amended information or to take such other action as the prosecuting attorney may deem advisable. In that connection, we suggest that the prosecuting attorney give consideration to the question as to whether, under the evidence presented at the trial and any other evidence that may be available, the charge should be under Section 561.450 or Section 560.156 (unless otherwise indicated all statutory references are to RSMo 1959, V.A.M.S.).

This court, in discussing the section now designated as § 561.450 has stated that its purpose was "to provide for a class of false representations not included in some other section dealing with the subject of the ordinary false representations. It was intended to reach a class of offenders known as 'confidence men,' who obtain the money of their victims by means of, or by the use of, some trick or representation designed to deceive." State v. Wilson, 223 Mo. 156, 122 S.W. 701, 704. See also State v. Weber, Mo.Sup., 298 S.W.2d 403, and State v. Weber, Mo.Sup., 302 S.W.2d 919. Prior to 1955 cases involving so-called "ordinary" false representations were usually founded on Section 561.370, RSMo 1949, V.A.M.S. That section was one of many sections repealed, Laws of Missouri 1955, p. 507, at the time of the enactment of the new "stealing" law, now § 560.156. This last-mentioned section provides, in part, that "It shall be unlawful for any person to intentionally steal the property of another, either without his consent or by means of deceit." We have said that the real purpose of Section 560.156 is to eliminate technical distinctions between larceny, embezzlement, and obtaining money under false pretenses. State v. Zammer, Mo. Sup., 305 S.W.2d 441. It would seem to have been the intent of the legislature that prosecutions involving "ordinary" false representations would thereafter be prosecuted under the provisions of Section 560.-156. The case of State v. Murphy, Mo. Sup., 347 S.W.2d 230, involving false pretenses, was a prosecution under that section.

Although the information in the case at bar does not contain the words "trick" or "confidence game," it was regarded in the trial court as charging an offense under Section 561.450 as indicated by the instruction setting out the penalty. Any charge hereafter filed should contain averments which will enable the defendant to readily determine the section under which he is charged.

Since the case may be retried we should briefly discuss defendant's assignment that the evidence concerning alleged similar offenses should not have been admitted.

■ " 'It is established by the great weight of authority that in a prosecution for false pretenses, evidence that the accused, at about the time of the offense charged, made similar false representations or engaged in similar fraudulent dealings is admissible as tending to show a fraudulent intent or motive in the transaction on which the prosecution is based, as where a plan or scheme to defraud other victims than the complaining person or persons is indicated.' 22 Am.Jur. False Pretenses, Section 109, p. 506. We have often held that in prosecutions for obtaining money or property by false pretenses evidence that defendant committed or attempted similar offenses is admissible, if not too remote, in order to prove the criminal intent of the accused. State v. Hartman, 364 Mo. 1109, 273 S.W.2d 198; State v. Hotsenpillar, 359 Mo. 1031, 224 S.W.2d 1014; State v. Neal, 350 Mo. 1002, 169 S.W.2d 686; State v. Craft, 344 Mo. 269, 126 S.W.2d 177; State v. Michels, Mo.Sup., 255 S.W.2d 760; State v. Jackson, 112 Mo. 585, 20 S.W. 674." State v. Gilpin, Mo.Sup., 320 S.W.2d 498, 501.

■ Evidence was admitted which tended to show that on July 26, 1960, defendant obtained possession of a load of junk automobile motors from Oscar Chatman by means of a false pretense. That occurrence was more than 14 months after the alleged commission of the offense for which defendant was on trial. We are of the opinion that the Chatman offense was entirely too remote to be admissible in this case upon the issue of defendant's criminal intent.

■ The other alleged offense occurred on July 12, 1958, and grew out of a joint enterprise between defendant and Ben Patterson. Patterson testified that he fur-

nished $110 for the purchase of 85 old batteries and that defendant furnished the truck to haul them and they were to divide the profits; that defendant sold the batteries when he was not present and kept the money. We need not determine what offense, if any, defendant committed upon that occasion. It is obvious that no false pretense was shown. In view of the fact that this alleged offense occurred more than ten months before the Bank of Leadwood transaction and did not involve a similar factual situation, we have concluded that evidence of that occurrence should not have been admitted.

Reversed and remanded.

COIL and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.