**STATE of Missouri, Respondent,**

**v.**

**Eugene Melvin GARNER, a/k/a Geno Garner, Appellant.**

**No. 53277.**

Supreme Court of Missouri,
Division No. 2.

Oct. 14, 1968.

Joseph Langworthy, Pacific, for defendant-appellant.

Norman H. Anderson, Atty. Gen., Maxim N. Bach, Asst. Atty. Gen., Jefferson City, for respondent.

BARRETT, Commissioner.

On July 14, 1965, Eugene M. (Geno) Garner entered a plea of guilty to an information charging that on April 21, 1965, he had feloniously uttered and delivered an insufficient funds check in the amount of $305.00 on the Tri-State Bank of Memphis to Missourian Publishing Company with intent to defraud the company, knowing at the time that he did not have sufficient funds in or credit with the bank. He was sentenced to four years' imprisonment and in 1966 filed a motion to vacate the judgment and sentence. Pursuant to an opinion in State v. Garner, Mo., 412 S.W.2d 155, he was given a hearing upon his motion, the motion was denied and he has again appealed. In this court his court-appointed counsel contends that the sentence and judgment should be vacated because the information to which he entered his plea is fatally defective in that it did not follow the language of the statute thereby omitting an essential element of the case. On oral argument counsel urged in this connection that the "purpose of the check" was not alleged. The first part of the insufficient funds check statute reads: "Any person who, to procure any article or thing of value or for the payment of any past-due debt or other obligation of whatsoever form or nature or who, for any other purpose, shall make or draw or utter," with intent to defraud, a check of $100.00 or more shall be guilty of a felony. Counsel points to the quoted language and says that it is a "constituent element" of the offense and was ignored.

■ The information alleges that on April 21, 1965, Garner feloniously uttered and delivered to Missourian Publishing Company, with intent to defraud, a check in the amount of $305.00 on Tri-State Bank of Memphis, knowing that he did not have sufficient funds in or credit with the bank to pay the check on presentation. The information, obviously, does not charge that the check was given in payment of a past-due debt, it does not charge that the purpose of the check was to procure or that he did procure any article or thing of value or that it was given "for any other purpose." In short, it does not charge that Missourian Publishing Company lost, gave or parted with anything, or that the check was for a past-due debt or for "any other purpose" other than with intent to defraud.

■ It is not necessary to go into the history of the Missouri statutes relating to "bad" or "bogus" checks and other false pretenses or forms of fraud. It is sufficient to say that the statutes relating to no funds checks (RSMo 1959 Supp. § 561.450) and insufficient funds checks (RSMo 1959, §§ 561.460, 561.470) describe a species of fraud, a particular kind of false pretense. State v. Griggs, 361 Mo. 758, 236 S.W.2d 588. And as such it need be noted only that "(t)he very essence of the crime (false pretense) denounced by this section (561.450, the felony section) is that the injured party must have relied upon some false or deceitful pretense or device *and parted with his property.*" State v. Pickett, 174 Mo. 663, 666, 74 S.W. 844, 845. In the strictly false-pretense cases "the allegation is required that the party defrauded relied

upon and believed in the truth of the pretenses made by the defendant *and was thus induced to part with his money or property.*" State v. Stegall, Mo., 353 S.W.2d 656, 657; State v. Kelly, 170 Mo. 151, 70 S.W. 477; State v. Phelan, 159 Mo. 122, 60 S.W. 71; State v. Clay, 100 Mo. 571, 13 S.W. 827. Under the no funds felony section (561.450) "the allegation is required to be made that the party defrauded relied upon and believed in the truth of the pretenses made by the defendant *and was thus induced to and did part with his property.*" State v. Robinson, Mo., 14 S.W.2d 452, 453; State v. Workman, Mo., 199 S.W. 131; 32 Am.Jur.2d Sec. 58, p. 212, Sec. 78, p. 224. Informations following the statutes, including the "mixed felony" section (561.460), and charging that the defendant "obtained $250.00 from the Lemay Bank and Trust Company" are to be found in State v. Euge, Mo.App., 359 S.W.2d 369, 371; State v. Kaufman, Mo.App., 308 S.W.2d 333.

Prior to the amendment of the misdemeanor statute in 1925 (Laws Mo.1925, p. 191) it was not an offense to give an insufficient funds check in payment of a past-due debt. State v. Hack, Mo.App., 284 S.W. 842. Since 1963, (Laws Mo.1963, p. 684) it is a felony to give a check for one hundred dollars or more for a past-due debt. RSMo 1959 Supp. § 561.460. This and other statutes have been commented on in 59 A.L.R.2d 1159, 1162, "Construction and effect of 'bad check' statute with respect to check in payment of pre-existing debt." It is said that some cases have held that the intentional issuance of a worthless check in payment of a past-due indebtedness "violates those statutes which prohibit the issuance of fraudulent checks *without reference to whether anything of value is obtained thereby.*" 59 A.L.R.2d l.c. 1163. It is worthy of note, however, that the statutes in those jurisdictions are unlike the Missouri statute, they do not contain the false pretense language "Any person who, to procure any article or thing of value or for the payment of any past-due debt" of § 561.460. See for example Penal Code of California §§ 476 and 476a. Under those statutes "(t)he offense of issuing a check without sufficient funds is complete when the check is issued with intent to defraud, even though no one is defrauded thereby." People v. Freedman, 111 Cal.App.2d 611, 245 P.2d 45, 47. The language of the Missouri statutes, both §§ 561.450 and 561.460, after repeated amendments, may not be ignored and it may only be said that the "who, to procure any article" clauses constitute an essential element of the described offenses and as with any other element may not be ignored in an information. State v. Forsythe, Mo., 406 S.W.2d 633.

█ Despite the fact that Garner's sentence was commuted as of February 6, 1968, the consequence of the defective information is that he is entitled to have the sentence and judgment of July 14, 1965 set aside. Carafas v. La Vallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554; State v. Carter, Mo., 399 S.W.2d 74; State v. Stodulski, Mo., 298 S.W.2d 420; State v. Jacobson, 348 Mo. 258, 152 S.W.2d 1061, 138 A.L.R. 1154; Annotation 9 A.L.R.3d 462.

Accordingly the judgment is reversed and the cause remanded.

STOCKARD, and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.