**STATE of Missouri, Respondent,**

v.

**Harold WALKER, Appellant.**

**No. KCD 26879.**

Missouri Court of Appeals, Kansas City District.

March 3, 1975.

Willard B. Bunch, Public Defender, Paul R. Katz, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

Before WASSERSTROM, P. J., and SHANGLER and DIXON, JJ.

WASSERSTROM, Presiding Judge.

■  Defendant appeals from a conviction of issuing a "no funds" check in violation of Section 561.450 RSMo. The sole issue on this appeal concerns the sufficiency of the information upon which the prosecution was founded.

The information in essential parts alleges that defendant did on September 24, 1971, "unlawfully, knowingly, intentionally, with intent to cheat and defraud, obtain from Sears, a corporation, certain money, property and valuable thing, to-wit: stereo equipment, by means of a check drawn upon a bank in which the drawer of the said check knew at the time he had no funds; [setting forth the check in exact words]." The information contained no allegation that the defrauded party, Sears, relied upon the check and was thereby induced to part with its property.

There is a long line of unbroken cases in this state requiring that every indictment or information in a case of this kind must contain an allegation of reliance by the defrauded party. State v. Garner, 432 S.W. 2d 259 (Mo.1968); State v. Workman, 199 S.W. 131 (Mo.1917); State v. Robinson, 14 S.W.2d 452 (Mo.1929) and cases cited therein. The State in its brief with commendable candor admits these controlling precedents, saying that numerous Missouri decisions "have traditionally held that an information under the 'no funds' check portion of Section 561.450, RSMo 1969, V. A.M.S., *must* include the allegation that the victim relied on the representations of the defendant and was thereby induced to and did part with valuable property." (Emphasis by the State).

■  In a dutiful advocate's effort to sustain the conviction, the State asks that this long established "reliance" requirement now be eliminated. Such a request must of necessity be addressed to the Supreme Court, not to this court which is bound by the decisions cited above.

The conviction is reversed and the case is remanded to give the State opportunity to seek leave to file an amended information or to take such other action as it may deem advisable.

All concur.