**STATE of Missouri, Appellant,**

v.

**Donna BIRKEMEIER, Respondent.**

No. 68716.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 28, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 1, 1996.

Application to Transfer Denied
Sept. 17, 1996.

Christine N. Kocot, Timothy William Anderson, Jefferson City, for appellant.

Leonard W. Buckley, Jr., St. Louis, for respondent.

CRAHAN, Judge.

The State appeals the dismissal of the information charging Defendant with four counts of knowingly making a false or fraudulent material statement for the purpose of obtaining a benefit under the workers' compensation law in violation of § 287.128.1(8) RSMo 1994.[1] We reverse and reinstate the charges against Defendant for further proceedings.

On May 1, 1994 Donna Birkemeier ("Defendant") was allegedly injured while working at Dierbergs ("Employer"). Her physician ordered her to refrain from working for approximately three months. During this time, Employer hired private investigators to conduct video surveillance of Defendant. Without Defendant's knowledge, these investigators videotaped her engaging in various physical activities. A claims adjuster for Employer later interviewed Defendant, asking her if her injuries prevented her from performing the activities captured on the videotape. She stated that they did.

On May 1, 1995 the State filed an information charging Defendant with four counts of violating § 287.128.1(8). Each count was based on a separate, allegedly false state-

---

1. All further statutory citations are to RSMo. 1994.

ment: (1) that she was unable to perform normal household chores; (2) that she was unable to drive a car for more than thirty minutes at a time; (3) that she was unable to sit in one place for more than ten to fifteen minutes at a time; and (4) that she was physically unable to carry anything.

Defendant filed a motion to dismiss the information on the following grounds: (1) the statements, as alleged, were incapable of inducing reliance and therefore immaterial; (2) the Attorney General lacked authority to bring such an action without a referral from the fraud unit as provided in § 287.128.6; and (3) the information was fatally defective in that it failed to specify the truth of the allegedly false statements. The trial court dismissed the information without indicating which ground or grounds were found to be meritorious. On appeal, the State argues that none of the grounds raised in Defendant's motion warranted dismissal. We agree.

■ Defendant first contends that the alleged statements were immaterial and cannot therefore form the basis of a violation of § 287.128.1(8). Defendant claims that only her treating physician can make determinations which affect the level of her benefits and that therefore statements made to any other person, including a claims adjuster, are incapable of inducing detrimental reliance and are therefore immaterial.

■ This argument is specious. As a matter of law, statements made by a workers' compensation claimant about her health and physical capabilities are material because they comprise the essence of the claim for benefits. When made to a claims adjuster for the employer's insurance carrier, the statements may obviously induce detrimental reliance because the adjuster's report will often form the basis for the insurer's decision to pay or contest the claim.

■ The fact that the statements may not have been relied upon in a particular instance does not render them immaterial. Detrimental reliance is not required by the plain language of § 287.128.1(8). The text of § 287.128.1(8) provides:

[i]t shall be unlawful for any person to: knowingly make or cause to be made any false or fraudulent material statement or material representation for the purpose of obtaining or denying any benefit.

Defendant claims the legislature's use of the words "fraudulent" and "material" import an intent of the legislature to prevent the defrauding and deceit of worker's compensation insurers. Defendant concludes that this purpose implies that reliance is an essential element of any violation of this section of the statute. In support of this proposition, Defendant cites several cases in which indictments for fraud crimes were dismissed for failure to allege that the victim in question acted in reliance upon the respective defendant's actions. These cases are inapposite.

The statutes in these cases prohibited the procurement of something of value by means of fraud or deceit, not merely the making of a false statement. Each of the respective indictments alleged that the defendant obtained a benefit by means of fraud or deceit, but failed to allege that the victim parted with the goods or money in reliance on the defendant's actions and statements. See, e.g., *State v. Kesterson*, 403 S.W.2d 606 (Mo. 1966), and *State v. O'Connell*, 726 S.W.2d 742 (Mo. banc 1987) (both requiring allegation of reliance in charge of stealing by means of deceit); *State v. Washburn*, 549 S.W.2d 636 (Mo.App.1977), and *State v. Cunningham*, 380 S.W.2d 401, 403 (Mo.1964) (both requiring an allegation of reliance in indictment for obtaining thing of value by means of a confidence game); and *State v. Walker*, 520 S.W.2d 708 (Mo.App.1975) (requiring allegation of reliance in indictment for obtaining goods with a bad check).

■ The statutes in the above cited cases are in marked contrast to § 287.128.1(8). This section simply prohibits the making of a false or fraudulent statement for the purpose of obtaining a benefit rather than prohibiting the procurement of a benefit by means of a false statement. When the alleged crime is the procurement of something of value by deception, the state must allege and prove that it was the deception which facilitated the procurement. However, when the crime is the making of the false statement itself, the

impact of the statement is irrelevant. Therefore, Defendant's first ground was not a proper basis for dismissal.

■ Defendant next alleges that the information failed to establish that the Attorney General followed the procedures set forth in § 287.128.6. In relevant part, this section provides:

[a]ny person may file a complaint alleging fraud or noncompliance with this chapter with a legal advisor in the division of workers' compensation. The legal adviser shall refer the complaint to fraud and noncompliance unit within the division. The unit shall investigate all complaints and present any finding of fraud or noncompliance to the director, who may refer the file to the attorney general. The attorney general may prosecute any fraud or noncompliance associated with this chapter.

Defendant contends this subsection grants authority to the Attorney General to prosecute violations of § 287.128 only following a referral from the fraud and non-compliance unit. We disagree. After providing for the referral process, it states that "[t]he Attorney General may prosecute *any* fraud or noncompliance associated with this chapter." § 287.128.6 (emphasis added).

■ In construing statutes, courts should ascertain the intent of the Legislature from the language used and, if possible, give effect to that intent. *Maudlin v. Lang,* 867 S.W.2d 514, 516 (Mo. banc 1993). Courts should determine the Legislature's intent by considering the plain and ordinary meaning of the terms in the statute. *Id.* This language gives no indication that the Attorney General's authority to prosecute was intended to be conditioned upon a prior referral. Accordingly, we hold that the plain meaning of § 287.128.6 grants the Attorney General authority to prosecute violations of § 287 with or without a referral.

■ Defendant's final argument for dismissal alleged that the information filed against her was fatally deficient for failure to allege the truth of the matter falsely stated and the purpose for which the false statement was made. No indictment or information shall be invalid, nor shall the trial, judg-

ment, or other proceedings thereon be stayed, because of any defect therein which does not prejudice the substantial rights of the defendant. *State v. Parkhurst,* 845 S.W.2d 31, 35 (Mo. banc 1992). The purpose of an information is to inform the accused of charges against her so that she may prepare an adequate defense and to prevent retrial on the same charges in the case of an acquittal. *State v. Allen,* 905 S.W.2d 874, 879 (Mo. banc 1995). The information here was clearly sufficient to do so. It alleged that Defendant made false statements in violation of § 287.128.1(8) and advised her of the nature of the statements and the circumstances under which they were made. As such, it cannot be said that the indictment prejudiced the substantial rights of Defendant.

None of the grounds presented by Defendant's motion warranted dismissal and no other valid grounds have been identified on appeal. Accordingly, the judgment of the trial court is reversed and the charges against Defendant are reinstated for further proceedings.

CRANDALL and DOWD, JJ., concur.