

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | **WD78736** |
| v. | ) | |
| | ) | **OPINION FILED:** |
| | ) | **April 19, 2016** |
| MICHAEL J. FRESE, | ) | |
| | ) | |
| Respondent. | ) | |

**Appeal from the Circuit Court of Callaway County, Missouri
The Honorable Carol England, Judge**

**Before Division II:** Cynthia L. Martin, Presiding Judge, and
Mark D. Pfeiffer and Karen King Mitchell, Judges

The State of Missouri ("State") appeals the Judgment of the Circuit Court of Callaway County, Missouri ("trial court"), granting Michael Frese's ("Frese") motion to dismiss as time-barred by section 287.128.11[1] the misdemeanor information against him for failure to insure workers' compensation liability. We affirm.

## Factual and Procedural Background

The facts relevant to the question of whether the statute of limitations bars the State's claim against Frese are uncontested. On January 26, 2012, the Attorney General received a

---

[1] All statutory references are to the Revised Statutes of Missouri 2000, as supplemented.

referral from the Missouri Department of Labor and Industrial Relations ("DOLIR") that Frese failed to insure workers' compensation liability. Thereafter, on January 16, 2015, the Attorney General, on behalf of the State, filed a misdemeanor information against Frese, alleging that between February 12, 2009, and June 12, 2010, Frese was an employer and failed to insure workers' compensation liability in violation of section 287.128.7.

Attached and incorporated into the information was a statement of probable cause dated January 19, 2012, by an investigator with the Fraud and Noncompliance Unit of DOLIR's Division of Workers' Compensation. The investigator stated that Frese was president of Hometown Fun, Inc., a Missouri corporation incorporated on February 9, 2009, and administratively dissolved on September 28, 2011, for failure to file an annual report. The investigator also stated that on December 22, 2011, during a recorded interview with the investigator, Frese admitted that the corporation had five or more employees, counting the corporate officers, and that the corporation did not carry workers' compensation insurance. The estimated premium for the noncompliance period of February 12, 2009, through June 12, 2010, was $2,580.27.

Frese moved to dismiss the charge on the ground that the action was time-barred by the statutory limitation period in section 287.128.11 because it was filed January 16, 2015, more than three years after the discovery of the alleged offense by the State's investigative interview with Frese on December 22, 2011. The State argued that the date governing the discovery of the offense for statute of limitation purposes should be the date the probable cause statement was signed. The trial court entered judgment granting Frese's motion.[2]

---

[2] Even if the issue is not raised by the parties, this court must determine, *sua sponte*, whether we have jurisdiction to consider an appeal. *Rocking H Trucking, LLC v. H.B.I.C., LLC*, 427 S.W.3d 891, 895 (Mo. App. W.D. 2014). Rule 30.01 provides that, in a criminal case, a party shall be entitled to appeal after the rendition of final judgment. Rule 30.02 provides that if the State is "permitted by law" to appeal a judgment that is not a final

The State appealed.

## Standard of Review

We review the trial court's dismissal of a criminal complaint *de novo* where the facts are uncontested and the only issue before the court is a matter of statutory construction. *State v. Rodgers*, 396 S.W.3d 398, 400 (Mo. App. W.D. 2013). "The interpretation of a statute is a pure question of law, and therefore we give the [trial] court's interpretation no deference." *Id.* (internal quotation omitted).

## Analysis

In both of the State's points, it argues that the trial court erred by granting Frese's motion to dismiss because the State filed its information within the three-year statute of limitations period found in section 287.128.11.

Any person or corporation with five or more employees is deemed to be an employer for purposes of the workers' compensation law. § 287.030.1(3). Any employer who knowingly fails to insure his liability pursuant to the workers' compensation law is guilty of a class A misdemeanor. § 287.128.7. In addition, such employer "shall be liable to the [S]tate of Missouri

---

judgment, such appeal shall be prosecuted in the same manner as an appeal from a final judgment. The State is permitted by law to appeal when an order or judgment: (1) quashes an arrest warrant; (2) finds that the accused lacks the capacity or fitness for trial; (3) suppresses evidence; or (4) suppresses a confession or an admission. § 547.200.1. The judgment in this case did not quash an arrest warrant, make a finding of incapacity or unfitness, suppress evidence, or suppress a confession or admission. *See* § 547.200.1. Therefore, appellate jurisdiction does not exist unless the trial court's order of dismissal was a final judgment. *State v. Smothers*, 297 S.W.3d 626, 630 (Mo. App. W.D. 2009); Rule 30.01. The trial court's judgment stated: "After consideration of the evidence, the court grants defendant's motion to dismiss." The trial court did not designate whether the dismissal was with or without prejudice. "A dismissal *with* prejudice is a final order, but a dismissal *without* prejudice is not a final order unless the dismissal has the 'practical effect of terminating the litigation in the form in which it is cast or in the plaintiff's chosen forum.'" *Smothers*, 297 S.W.3d at 630 (quoting *State v. Burns*, 994 S.W.2d 941, 943 (Mo. banc 1999)). "If the judgment precludes the litigant from maintaining the action in the forum chosen, it is a final judgment, irrespective of whether it is denominated 'with prejudice' or 'without prejudice.'" *Id.* at 631. Furthermore, "dismissals without prejudice have been held appealable . . . where the dismissal was based on statutes of limitations." *Id.* (internal quotation omitted). Here, the judgment had the practical effect of terminating the litigation in the form it was cast, and thus the judgment was final and appealable. *Id.* Additionally, because Frese sought termination of the proceedings against him before trial, and no determination of factual guilt or innocence was made or attempted, jeopardy did not attach, and the trial court's dismissal was appealable. *Id.* at 632.

for a penalty in an amount up to three times the annual premium the employer would have paid had such employer been insured or up to fifty thousand dollars, whichever amount is greater."

*Id.* (Emphasis added.)

The procedure for filing a complaint and for investigating and prosecuting filed complaints, of fraud or noncompliance associated with the workers' compensation law, is delineated by section 287.128. Section 287.128.10 provides:

> There is hereby established in the division of worker's compensation a fraud and noncompliance administrative unit responsible for investigating incidences of fraud and failure to comply with the provisions of this chapter.

Section 287.128.8 provides (with emphasis added):

> *Any person* may file a complaint alleging fraud or noncompliance with this chapter with a legal advisor in the division of workers' compensation. The legal advisor shall refer the complaint to the fraud and noncompliance unit within the division. *The unit shall investigate* all complaints and present any finding of fraud or noncompliance to the director, who may refer the file to the attorney general. *The attorney general may prosecute* any fraud or noncompliance associated with this chapter. All costs incurred by the attorney general associated with any investigation and prosecution pursuant to this subsection shall be paid out of the workers' compensation fund. Any fines or penalties levied and received as a result of any prosecution under this section shall be paid to the workers' compensation fund. Any restitution ordered as a part of the judgment shall be paid to the person or persons who were defrauded.

Finally, the time frame within which the prosecution of a violation of section 287.128 can be commenced is set forth in section 287.128.11 which provides (with emphasis added):

> Any prosecution for a violation of the provisions of this section or section 287.129 shall be commenced within three years *after discovery of the offense by an aggrieved party **or** by a person who has a legal duty to represent an aggrieved party* and who is not a party to the offense. As used in this subsection, the term **"person who has a legal duty to represent an aggrieved party"** shall mean the attorney general or the prosecuting attorney having jurisdiction to prosecute the action.

> "Aggrieved party" is not defined.

4

The basis of both of the State's points relied on is that there was no "aggrieved party" in this case as the legislature intended that term to be construed, and that as a result, the only "discovery of the offense" relevant to calculation of the statute of limitations was the date the Attorney General discovered the offense. The State claims that date was on January 26, 2012, when the DOLIR made the referral to the Attorney General; thus, the State argues that when the Attorney General filed the information on January 16, 2015, it was within the statute of limitations because it was filed less than three years later. Frese argues that DOLIR and the Attorney General are collectively the "State," and that discovery by the DOLIR of a referable offense is tantamount to discovery of the offense by the Attorney General. Frese also argues that the State is an "aggrieved party." In either case, according to Frese, the statute of limitations began to run when DOLIR discovered the offense on December 22, 2011, more than three years before the Attorney General filed the information.

We need not determine what the legislature meant by "aggrieved party" as that term is used in section 287.128.11. We conclude that the Attorney General is deemed to have discovered an offense when the State's investigative unit discovers and is authorized to refer the offense.

"The primary rule of statutory interpretation is to effectuate legislative intent through reference to the plain and ordinary meaning of the statutory language." *State v. Graham*, 204 S.W.3d 655, 656 (Mo. banc 2006). It is "fundamental that a section of a statute should not be read in isolation from the context of the whole Act." *Richards v. United States*, 369 U.S. 1, 11 (1962). "[I]n ascertaining legislative intent . . . the entire act must be construed together and all provisions must be harmonized." *Eminence R-1 Sch. Dist. v. Hodge*, 635 S.W.2d 10, 13 (Mo. 1982).

5

Employing this rule of construction, section 287.128.8, section 287.128.9, and section 287.128.11 must be read together and harmonized. Section 287.128 creates in the division of workers' compensation a "fraud and noncompliance administrative unit responsible for investigating incidences of fraud and failure to comply with the provisions of this chapter" on behalf of the State. § 287.128.10. This is the same unit directed by section 287.128.8 to investigate on behalf of the State complaints of "fraud or noncompliance with this chapter" filed by "[a]ny person." And it is the same unit which "may refer the file to the attorney general," who then "may prosecute" offenses on behalf of the State. § 287.128.8. Section 287.128 thus identifies acts or omissions that can result in criminal liability to the State, and delegates to agents for the State the investigative and prosecutorial functions essential to enforcement of the section.

It is in this context that the phrase "discovery of [an] offense by . . . a person who has a legal duty to represent an aggrieved party" must be construed. § 287.128.11. The Attorney General "may prosecute any fraud or noncompliance associated with" Chapter 287. § 287.128.8. This authority can be exercised "with or without a referral" from the State's authorized investigative agent—the fraud and noncompliance unit. *State v. Birkemeier*, 927 S.W.2d 503, 506 (Mo. App. E.D. 1996). In other words, the authority to prosecute is triggered when the State discovers an offense, whether or not the fraud and noncompliance unit has investigated the offense or referred the offense. Because the authority to prosecute an offense does not require a referral, it cannot be reasonably presumed that the legislature intended the commencement of the statute of limitations to depend on a referral. Rather, we believe that the phrase "discovery of the offense by a person who has a legal duty to represent an aggrieved party" contemplates both the Attorney General's actual discovery of an offense and the discovery of a referable offense by the

6

State's investigative agent. To conclude otherwise would be to pretend that there is a legal distinction between the State's discovery of an offense through an authorized investigative agent and the State's discovery of an offense through its authorized prosecutorial agent—a distinction that could be exploited to defeat the purpose of section 287.128.11.

"[S]tatutes of limitations . . . protect individuals from having to defend themselves against charges where the passage of time may have obscured the facts and . . . minimize the threat of official punishment because of acts committed in the distant past." *State v. Graham*, 149 S.W.3d 465, 471 (Mo. App. E.D. 2004) (citing *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971)). "Statutes of limitations 'represent legislative assessments of relative interests of the state and the defendant in administering and receiving justice.'" *Id*. (quoting *Marion*, 404 U.S. at 322). If discovery of a referable offense by the fraud and noncompliance unit is not deemed to be discovery of the offense by the Attorney General, then a discovered offense could sit dormant for an indeterminable amount of time before being referred to the Attorney General, vitiating the purpose of a statute of limitations. We will not construe section 287.128.11 to negate its purpose, particularly where to do so would require us to pretend that discovery of a referable offense by the State's investigative unit is not tantamount to discovery of the offense by the State's prosecutor.[3]

---

[3] The State relies on *State v. Holland*, 781 S.W.2d 808 (Mo. App. E.D. 1989), in support of its position that the statute of limitations in this case should be calculated from the date information is given to the Attorney General. In *Holland*, the appellant argued that the trial court erred in overruling his motion to dismiss because the statute of limitations had run on the charged felony. *Id*. at 811. The applicable statute of limitations, section 556.036.3(1), provided for an extension of the period of limitations for an offense in which fraud or a breach of fiduciary obligation is a material element for one year after "the discovery of the offense by an aggrieved party or by the Attorney General, prosecuting attorney or circuit attorney having jurisdiction." *Id*. at 812. The gist of the offense was Holland's fraudulent misrepresentation that the property sold to the buyers was "free and clear" when, in fact, it was encumbered by two deeds of trust. *Id*. The buyers learned of the fraud on October 10, 1986, and the information was given to the Attorney General on November 4, 1986. *Id*. The court held that "although the original information was filed 3 years[ ] and 17 days after the conclusion of the conduct constituting the offense, the prosecution was commenced within one-year after the discovery of the fraud by the aggrieved parties and the Attorney General." *Id*. *Holland* is inapplicable to this case as it does not address whether discovery of an offense by an investigative agent of the State is chargeable to the Attorney General.

We must next determine when Frese's offense was discovered by DOLIR, the State's investigative agent. The State contends the offense was not discovered until the DOLIR's probable cause statement was prepared on January 19, 2012, a date within the three-year statute of limitations.

The statutory phrase "discovery of the offense" is not defined. "Absent a statutory definition, the words used in the statute will be given their plain and ordinary meaning as derived from the dictionary." *State v. Hibler*, 5 S.W.3d 147, 149 (Mo. banc 1999) (internal quotation omitted). In the context of the statute, the word "discovery" means "the act, process, or an instance of gaining knowledge of or ascertaining the existence of something previously unknown or unrecognized . . . the act or an instance of finding or finding out (as something that was lost or hidden) . . . something that is discovered (as by being brought to light, disclosed, or ascertained)." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 647 (1993). The criminal code defines "[o]ffense" as "any felony, misdemeanor or infraction." § 556.061(19). Thus, the phrase "discovery of the offense" means gaining knowledge or finding out that a crime or an infraction has occurred. Temporally for statute of limitations accrual purposes, it means when the offense was in fact discovered. It does not mean when the Fraud Unit prepares a probable cause statement.

The Fraud Unit investigator stated in his Probable Cause Statement that "On December 22, 2011, during a recorded interview, Michael Frese admitted they [Hometown Fun, Inc., a Missouri corporation of which he was president] had five or more employees, counting the corporate officers. He stated they did not carry workers' compensation insurance."[4] This

---

[4] "Individuals can be liable for corporate conduct." *State v. Salter*, 250 S.W.3d 705, 710 (Mo. banc 2008). "A person is criminally liable for conduct constituting an offense which he performs or causes to be performed in the name of or in behalf of a corporation . . . to the same extent as if such conduct were performed in his own name or behalf." § 562.061. Under the workers' compensation laws, individuals are included in the definition of

8

statement establishes that the State, through the DOLIR, Division of Workers' Compensation, Fraud and Noncompliance Unit, *discovered* all the facts necessary to refer the offense to the Attorney General for prosecution on December 22, 2011, triggering the accrual period. The commencement of the State's action on January 16, 2015, was more than three years after the discovery of the offense on December 22, 2011; therefore, the State's action against Frese was time-barred, and the trial court's judgment of dismissal was proper as a matter of law.

## Conclusion

The trial court's judgment is affirmed.

_Mark D. Pfeiffer_
Mark D. Pfeiffer, Judge

Cynthia L. Martin, Presiding Judge, and
Karen King Mitchell, Judge, concur.

---

"employer." *See* § 287.030.1(1) (defining an "employer" as "[e]very person . . . using the service of another for pay."). If Frese in his individual capacity had employed five or more people, the failure to carry workers' compensation insurance would constitute an offense. § 287.030.1(3); § 287.128.7. Thus, under section 562.061, Frese is liable for Hometown Fun, Inc.'s failure to provide insurance to its employees.