THE STATE v. JACK WRIGHT, Appellant.—95 S. W. (2d) 1159.

Division Two, June 30, 1936.

42

[redacted]

*Lillie Knight* for appellant.

*Roy McKittrick*, Attorney General, *Wm. W. Barnes* and *Wm. Orr Sawyers*, Assistant Attorneys General, for respondent.

WESTHUES, C.—Appellant in this case was convicted of the crime of burglary and larceny from a dwelling house and sentenced to serve seven years' imprisonment in the penitentiary for the burglary and four years' for the larceny. Being unsuccessful in obtaining a new trial he appealed. Appellant in this case is the same person as the appellant in cases numbers 34528 and 34512.

In this, as in the other cases, the son of appellant, Garland Wright, testified against his father. The crime in this case, as in the previous cases, was committed in Clay County, Missouri. Garland Wright testified that on the evening of March 11, 1934, appellant and Lemar Portwood and the witness drove from Kansas City into Clay County along Highway No. 169, for the express purpose of stealing property from some place where the owners were not at home; that as they passed the house of one Scott they noticed that there were no lights and apparently no one at home; that appellant and Portwood got out of the car and proceeded towards the house; that the witness drove down the highway, as per instructions from his father, and returned within about thirty minutes; that he found his father and Portwood in the front yard with some rugs, a radio and a couple of sacks of things which they loaded into the car; that about this time they saw a car coming down the highway so they left in a hurry, and as they drove toward Kansas City the two sacks, which had been placed on the fender, fell from the car.

Rosa Scott testified that she was the owner of the premises and that she and her son and daughter had left the home on the evening in question to attend church; that when they returned they noticed a car leaving the premises and on discovering that the house had

been burglarized the son drove his car down the highway in an attempt to overtake the persons whom they had seen leave their home. He found the two sacks which contained clothing and wearing apparel belonging to his mother. He reported the theft to the police department in Kansas City. Rosa Scott testified that when they left the home in the evening all the doors were fastened, but when they returned they found the front door open. A number of the rugs were found at an auction house in Kansas City. The keeper of this auction house testified in rebuttal that appellant had collected the money for the rugs which belonged to Mrs. Scott.

A number of questions have been presented for our review. Appellant contends that the testimony of the owner of the auction house was not proper rebuttal and should have been introduced by the State before the defendant put on his evidence. Such matters are largely within the discretion of the trial court. We believe the evidence ought to have been introduced by the State before the defendant offered his evidence. It was evidence in chief and on a retrial this rule can be observed. We are not holding that the violation of this rule in this case was reversible error.

Appellant also urges that the evidence was insufficient to sustain a verdict of guilty. To this we cannot agree. While no one saw appellant breaking into the home of Rosa Scott, or taking property therefrom, the facts and circumstances in the case, if believed by the jury, showed appellant to have been guilty beyond question. The evidence showed that all the doors of the home were closed before its occupants went to church. Appellant and Portwood went to the home for the express purpose of committing larceny therein. Appellant was found in possession of the property taken therefrom and he collected the money at the storage house where the property was sold; so that the contention that the evidence was insufficient is without merit.

The record discloses that the indictment returned in this case by the grand jury charged that appellant had burglarized the home of one R. Winfield Scott. The record further shows that upon the application of the prosecuting attorney the indictment was amended by striking therefrom the name of R. Winfield Scott and inserting in lieu thereof the name Rosa Scott. The evidence does not show that R. Winfield Scott was the same person as Rosa Scott. We infer that they are not one and the same person. In fact the record shows that they were not. There was a witness by the name of J. Winfield Scott who was the son of Rosa Scott, but there was no evidence that R. Winfield Scott, as mentioned in the indictment, was the same person as J. Winfield Scott. Appellant has complained of this in his motion for new trial.

Section 3508, Revised Statutes 1929 (4 Mo. Stat. Ann., p. 3131), authorizes the prosecuting attorney, with permission of the court, to

amend any affidavit or information in matter of form or substance at any time before the trial. This section does not authorize the amending of an indictment in a matter of substance. Section 3564, Revised Statutes 1929, authorizes the amending of informations but not of indictments. This section authorizes substitution of an information for an indictment which has been held to be insufficient as to form or substance. The section provides that when an information is substituted for an indictment it must describe the same offense that was attempted to be charged in the indictment.

We are of the opinion that under the law the indictment could not be legally amended as it was in this case. In this case the only description in the indictment, as returned by the grand jury and as amended, of the home burglarized and of the property stolen was that it was the home and property of a certain person named in the charge. The indictment charged that the home of R. Winfield Scott was burglarized and that the property of R. Winfield Scott was stolen. The amended indictment charged that the home of Rosa Scott was burglarized and that her property was stolen. If a conviction had been obtained on the indictment, as returned by the grand jury, it would not have been a bar to a prosecution as contained in the amended indictment. In an indictment for burglary it is necessary to allege the owner of the dwelling burglarized. The rule is stated in 9 Corpus Juris, page 1043, section 12, as follows:

"Except insofar as the rule may be changed by statute, an indictment for burglary, whether at common law or under a statute, must allege the ownership of the dwelling house or other building broken and entered, if it is known, or it will be fatally defective, and it must do so accurately, so that there will be no variance between the allegation and the proof. The fact that a statute defining burglary does not expressly require an allegation as to ownership does not do away with the necessity of such allegation."

It will be noted that in the notes the cases of State v. James, 194 Mo. 268, 92 S. W. 679, and State v. Horned, 178 Mo. 59, 76 S. W. 953, are cited as authority.

Section 3562, Revised Statutes 1929, cannot be applied to a situation as we have before us. That section expressly provides that a variance between a statement in an indictment or information and the evidence shall not be fatal where such variance is not material to the merits of the case and not prejudicial to a defendant. But in the case before us the name of the owner of the property and the owner of the home burglarized was essential, because the name of the owner was the only description in the indictment identifying the property. It was therefore very material, and a variance therein, between the charge and proof, would have been fatal. It follows that the prosecuting attorney did not have authority, even with per-

mission of the court, to amend the indictment. If an amendment were permitted of this kind it would leave the charge against the defendant standing unsupported by any affidavit either of the prosecuting attorney or a witness. It would leave it unsupported by the oath of a grand jury because the charge as contained in the indictment was materially different from the charge in the indictment as amended. The lawmakers have always deemed it necessary that a criminal prosecution should be based upon either an affidavit of an individual, the oath of a prosecuting official, or the oath of a grand jury. We find no exception to this. It, therefore, follows that this case must be reversed and remanded for a new trial. The Statute of Limitations has not expired so a new prosecution may be commenced. Other points are made in the motion for new trial, such as the refusal of the trial court to grant a continuance to permit appellant to prepare for trial. Since the case must be remanded it is unnecessary to consider that question.

For the error indicated the judgment is reversed and the cause remanded. *Cooley* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.