STATE of Missouri, Respondent,

v.

William CUNNINGHAM, Appellant.

No. 50276.

Supreme Court of Missouri,

Division No. 1.

July 13, 1964.

———◆———

Thomas F. Eagleton, Atty. Gen., Jefferson City, James J. Sauter, Special Asst. Atty. Gen., St. Louis, for respondent.

Stanford A. Zeldin, Kansas City, for defendant-appellant.

HENLEY, Judge.

William Cunningham appeals from a judgment imposing a sentence of imprisonment for six years for feloniously obtaining money by means of trick, deception and false and fraudulent representations, statements or pretense, commonly called "the confidence game". Section 561.450. (All references to statutes or rules are to RSMo 1959, V.A.M.S., and Supreme Court Rules, V.A.M.R.) He questions (1) the validity and sufficiency of the information, (2) the giving of instruction No. 2, being the State's main or verdict directing instruction, and (3) the verdict.

■ In his motion for a new trial Cunningham raises the point that the State failed to make a submissible case. He does not make this point, specifically designated as such, in his "Points and Authorities"; yet, by inference in his printed argument, he indirectly questions the sufficiency of the evidence presented by the State. This assignment of error in his motion for a new trial was abandoned by him by his not presenting this question in his brief. Rule 28.02. State v. Johnson, 362 Mo. 833, 245 S.W.2d 43. Although it was so abandoned, we have read and considered the evidence.

The information, including the caption because it is referred to in the State's brief,

but omitting the signatures, oath and jurat, is as follows:

"Section 561.450

"State of Missouri

vs.

WILLIAM CUNNINGHAM

"In the Circuit Court of Jackson County, Missouri, at Kansas City, May Term, 1962. In Division Number 6 thereof, designated by the rules of said Court as Criminal Division A.

"Now comes Sam Modica, Assistant Prosecuting Attorney for the State of Missouri, in and for the body of the County of Jackson, and upon his oath informs the Court, that William Cunningham whose Christian name in full is unknown to said Assistant Prosecuting Attorney, late of the County aforesaid, on the 2nd day of February, 1962, at the County of Jackson, State of Missouri, did then and there unlawfully, knowingly, intentionally and feloniously, with intent to cheat and defraud, obtain from Fay A. Bradley, certain money, property and valuable things, to-wit: Four Thousand Twenty-Five ($4025.00) Dollars by means of trick, deception and false and fraudulent representations, statements or pretense, commonly called 'Confidence Game'; against the peace and dignity of the State."

■ The decision in this case turns decisively on the first point raised by Cunningham. For this reason we do not recite the evidence, nor is it necessary that we treat with the other two points raised by appellant. " * * * without a valid indictment, these questions are no longer live issues and any discussion of them would amount to nothing more than obiter dictum." State v. Harris, Mo., 313 S.W.2d 664, 671.

Specifically, the defendant states that the information is invalid and insufficient for the reason (among others) that it fails to allege that the victim of the confidence game relied upon the defendant's false representations and in reliance thereon was induced to part with his money. The defendant did not allege this point as error in his motion for a new trial. But he did raise it in his brief and we consider it because we must render our judgment on the record before us. Rule 28.02. Section 547.270, RSMo 1959.

Woven into points two and three made by defendant can be heard strains of the same given specific reason why the information is considered by him to be invalid and insufficient.

To be sufficient an information (1) must be in writing and (2) shall state the essential facts constituting the offense charged. Rule 24.01. An essential element of the crime denominated by Section 561.450 as "the confidence game" is that the victim must have *relied upon* some false and fraudulent representation, or statement or pretense by defendant and have thereby parted with his money. State v. Fields, Mo., 366 S.W.2d 462, 467. State v. Stegall, Mo., 353 S.W.2d 656, 657. The information in this case does not allege this essential element and is, therefore, fatally defective.

The State contends that this information is sufficient because it follows the language of Section 561.450, supra. We agree with the general statement that describing the offense in the language of the statute is sufficient, but only *where the statute in denouncing the offense states all the essential elements of the crime.* Every ingredient of which the offense is composed must be alleged. State v. Terry, 109 Mo. 601, 19 S.W. 206. Section 561.450, supra, did not specifically contain every ingredient of this offense. Nor did the information as we have noted above. We rule against this contention of the State. The State contends also that the words, "confidence game", as used in the information, encompass the essential element of "reliance" and that the word "confidence" is synonymous with "reliance". Another contention of the State in support of this information is that it informed defendant fully of the crime with which he was charged by reference to Section 561.450 in the caption of the information. It is elementary that the caption of the information is not a part of the charge. We respectfully rule against the State on this point, and its venture into semantics.

Considering the record of the evidence in this case we have concluded that the cause should be remanded to give the State an opportunity to seek leave to file an amended information or take such other action as the State deems advisable.

For the reasons stated the judgment of the trial court is reversed and the cause is remanded.

All concur.