**STATE of Missouri, Respondent,**

v.

**Rickey Leroy COLBART, Appellant.**

No. 51920.

Supreme Court of Missouri,
Division No. 1.

Feb. 13, 1967.

———◆———

Norman H. Anderson, Atty. Gen., Jefferson City, Burton H. Shostak, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Kenneth H. Reid, Donald E. Bonacker, Springfield, for defendant-appellant, Rickey Leroy Colbart.

HIGGINS, Commissioner.

Appellant was convicted by a jury of robbery in the first degree, a felony. Section 560.120, V.A.M.S. Pursuant to such verdict and upon a finding of prior conviction, the court assessed appellant's punishment at thirty-five years' imprisonment in the penitentiary and sentenced him accordingly. Sections 556.280 and 560.135, V.A.M.S.

Appellant does not question the sufficiency of the evidence inasmuch as his points "pertain solely to the various informations filed in the trial court." The case was tried December 2, 1965, on a second amended information filed November 24, 1965, which charged Rickey Leroy Colbart and one Willie B. Brown with prior felony convictions and that on August 18, 1965, in Greene County, Missouri, they "did then and there wilfully, unlawfully and feloniously make an assault in and upon one Callie Anderson * * *, with their * * * hands and fists on and about the head and body of the said Callie Anderson and (they) * * * did then and there in the presence and against the will of the said Callie Anderson, by violence to her person, feloniously rob, steal, take and carry away, with intent then and there to permanently deprive Callie Anderson * * of the use thereof, good and lawful money of the United States of America, of some value, the property of Callie Anderson * ↄ Contrary, etc., * * *."

Separate trials were accorded the accused, and the testimony of Mrs. Anderson alone was sufficient to warrant a conviction of appellant of robbery first degree as charged in the second amended information. She stated that she operated a small grocery store at 802 North Campbell, Springfield, Missouri; that on August 18, 1965, two Negroes, one being identified by her in the courtroom as the appellant, came into her store at about 2:30 p. m.; that appellant threw her to the floor "and he beat me— he throwed me on this side * * * and I still hurt right there, and here's where they hit me (indicating) and I can't lift as much as a pound of water. * * * He beat me and here's a place right there and there was three places there (indicating over right eyebrow) where the blood was just a-streaming and I didn't know it." They then got into the cash register and appellant "come back to me. He said, 'If you scream,' he says, 'I'm goin' to kill you.' * * * And he grabbed his hands around my neck * * *." They took her money from the cash register consisting of "about ten dollars in small change, pennies, nickels, dimes and quarters. I wouldn't say whether there was any half dollars or not, and the other was in ones; about 6 or 8 dollars at the least. * * * I was still layin' there and they went out and these boys come in and they picked me up and put me in my chair * * *."

Appellant concedes that the second amended information was sufficient in form and substance to charge robbery in first degree under the statute, but he advances several propositions whereby he says it "cannot be considered."

He contends that the second amended information materially changed the charge against him in that the original and (first) amended informations charged him "only

with common assault and then with some type of taking or robbery" and that neither apprised the accused that the state intended to charge him with robbery in the first degree of the complaining witness "by violence to her person"; that "by violence to her person" was added "secretively" to the second amended information to perfect the charge and without leave of court and notice to the defendant or opportunity to be heard; that he did not know of and was not arraigned on the second amended information; that he did not know of a charge of robbery in first degree against him because the original and (first) amended informations did not contain every ingredient and element essential to that crime.

It is, of course, necessary to allege all the elements of the crime intended to be charged. Criminal Rule 24.01, V.A.M.R., State v. Cunningham, Mo., 380 S.W.2d 401, 403[4]; State v. Thierauf, 167 Mo. 429, 67 S.W. 292, 295. Otherwise, an accused's constitutional right to be informed as to the nature of the crime attributed to him is violated. State v. Schultz, Mo., 295 S.W. 535, 536[2]; State v. Elgin, Mo., 391 S.W.2d 341, 343[3]; State v. Fenner, Mo., 358 S.W.2d 867, 870[5]; State v. Ballard, Mo., 394 S.W.2d 336, 342[11]. And if such elements are missing, they cannot be supplied by intendment or implication. State v. Harris, Mo., 313 S.W.2d 664, 669[2]; State v. Cantrell, Mo., 403 S.W.2d 647, 650[7–11]. Nor may a distinctly different offense be charged by an amended information. State v. Thompson, Mo., 392 S.W.2d 617, 620[1].

The record in this case refutes appellant's complaints and shows that the charge upon which he was convicted conforms to the foregoing requirements. The original information, filed August 20, 1965, charged that on August 18, 1965, in Greene County, Missouri, Rickey Leroy Colbart and Willie B. Brown "did then and there wilfully, unlawfully and feloniously make an assault in and upon one Callie Anderson * * *

with their * * * hands and fists on and about the head and body of the said Callie Anderson, and (they) did then and there in the presence and against the will of the said Callie Anderson, feloniously rob, steal, take and carry away, with intent then and there to permanently deprive Callie Anderson * * * of the use thereof, good and lawful money of the United States of America, of some value, the property of Callie Anderson * * * contrary, etc. * * *." On that date appellant was present in Division II of the Greene County Circuit Court and Mr. Don Bonacker was appointed to defend him. On September 28, 1965, appellant petitioned for and secured a change of judge whereby his case was transferred to Division I of the Greene County Circuit Court. On October 7, 1965, appellant was present in court with his attorney and was arraigned upon the original information to which he pleaded not guilty. The original information was amended October 20, 1965, to charge appellant and his codefendant as second offenders and, on November 24, 1965, a second amended information was filed which followed the original and (first) amended informations and added "by violence to her person" between the allegations of means and manner of felonious assault and the allegation of felonious robbery. On December 2, 1965, appellant was present in open court with his attorney and, prior to impaneling a jury, made admissions to the record of his prior conviction and that on August 18, 1965, Callie Anderson was "assaulted with hands and fists upon her body and that then and there she was robbed of money of some value against her will." Upon completion of the admissions, "The defendant waived formal arraignment and entered a plea of not guilty." Thereafter, the jury was impaneled and recessed for entry of the following into the record:

"THE COURT: Mr. Colbart, I want you to hear the admission made into the record by your counsel at this time. State your admission. MR. BONACKER: If The Court please, I have discussed this ad-

mission with Mr. Colbart prior to today, and I am sure he understands.

"The defendant is willing to admit that before August 18, 1965, he was convicted of a felony punishable by imprisonment in the penitentiary, sentenced therefor and imprisoned therefor in the Missouri Department of Corrections.

"He also admits that on or about the 18th day of August, 1965, a person did then and there wilfully, unlawfully and feloniously make an assault in and upon one Callie Anderson, d/b/a Anderson's Grocery, with his hands and fists on and about the head and body of the said Callie Anderson, and the said person did then and there, in the presence and against the will of the said Callie Anderson, by violence to her person, feloniously rob, steal, take and carry away, with intent then and there to permanently deprive Callie Anderson, d/b/a Anderson's Grocery, of the use thereof, good and lawful money of the United States of America, of some value, the property of Callie Anderson, d/b/a Anderson's Grocery.

"And the defendant then specifically denies that he perpetrated either the assault or the robbery or was in any way involved.

"THE COURT: Thank you. Now, Mr. Colbart, do you have any objection at all to any of these admissions made by your counsel? THE DEFENDANT: No, sir. THE COURT: These admissions are satisfactory to you? THE DEFENDANT: Yes, sir. THE COURT: And you understand them, do you? THE DEFENDANT: Yes, sir. THE COURT: Mr. Bonacker, you have explained that this would create a situation where the Court would assess the punishment—you understand that, Mr. Colbart, if it is proven? THE DEFENDANT: Yes, sir. MR. BONACKER: Yes, Your Honor, we discussed this yesterday afternoon. He's had all night to think about it. THE COURT: All right. Fine, thank you."               .

■ Comparison of the second amended information with the original and (first) amended informations shows there was no material change in the charge. The earlier informations attempted to and did certainly advise appellant that he was charged with making a *felonious assault* on Callie Anderson with his hands and fists and at the same time that he did that violence to her, he did also *feloniously rob* her of money of some value. "The essence of the offense of robbery in the first degree, under both the statute and the common law, is 'feloniously taking the property of another from his person, or in his presence, and against his will' V.A.M.S. § 560.120, and the offense may be committed in two ways; one, by violence, or, two, by putting the victim in fear of some immediate injury to his person." State v. Churchill, Mo., 299 S.W. 2d 475, 478[3, 4]. Even though the second information contained additional language, which admittedly removed all doubt from the sufficiency of the charge, it cannot be said that the earlier informations were not sufficient to advise appellant that he was accused of perpetrating a robbery from the person by the use of force and violence. And a prosecutor under Rule 24.02, V.A. M.R., and Sections 545.290 and 545.300, V.A.M.S., may with leave of court amend an information either in form or substance at any time before a jury is sworn to try the case, provided such amended information charges the same crime as attempted to be charged in the original indictment or information    State v. Mandell, 353 Mo. 502, 183 S.W.2d 59, 61[3, 4].

■ Appellant complains that no leave was sought or granted for filing the second information, but where the record reflects the filing of such information, as it does here, it is "presumed the trial court 'permitted' the filing in accordance with Rule 24.02." State v. Ninemires, Mo., 306 S.W.2d 527, 530[5]; State v. Lettrell, Mo., 39 S.W.2d 556, 558[8].

■ Appellant says also that he was not arraigned on the second amended in-

formation because he and his lawyer were not aware of such information. However, the record shows the admission read into the record by appellant's counsel to be in the exact language of the second amended information, thus clearly showing knowledge of the exact charge upon which appellant was about to go to trial which indicated and justified the waiver of arraignment on the second amended information shown in the record.

■ Appellant argues also that he was on trial without having been informed of the nature of the accusation against him. In addition to the pretrial admission in the language of the second amended information, the record shows that by his general conduct of the case, objections, examinations, and cross-examinations, counsel defended a charge of robbery in the first degree with obvious skill and competence, and he closed his argument by: "Ladies and gentlemen of the jury, you were asked in plain, honest language to convict this man of a very, very, very serious charge, *first degree* robbery * * *." Such are the incidents indicative of acute perception of the nature of the charge, rather than of any claimed unawareness.

Additional review of the record as required by Criminal Rules 28.02 and 28.08, V.A.M.R., shows that the information is, in all other respects, in proper form and sufficient; defendant was accorded jury trial upon his plea of not guilty; the verdict is in proper form and responsive to the issues; the punishment is within legal limits; the motion for new trial was considered; and allocution was granted.

Judgment affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM.

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All concur.