Robert Ernest **BULLINGTON**, Appellant,

v.

**STATE** of Missouri, Respondent.

No. 55046.

Supreme Court of Missouri,
Division No. 1.

Nov. 9, 1970.

Robert F. Schlafly, St. Louis, for appellant.

John C. Danworth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

BARDGETT, Judge.

This is an appeal by prisoner-petitioner from the judgment of the trial court denying his motion for relief under Supreme Court Rule 27.26, V.A.M.R., after a full evidentiary hearing.

On December 14, 1965, appellant was charged by indictment with three prior convictions of felonies and kidnaping while armed, to which appellant pleaded not guilty.

On the day the jury trial began, the state deleted the prior convictions from the indictment and the case proceeded on the charge of kidnaping while armed. The charging portion of the indictment is as follows:

"That ROBERT E. BULLINGTON between 10:00 P.M. on November 5th, 1965,

and 10:00 A.M. on November 6th, 1965, in the City of St. Louis, State of Missouri, wilfully, feloniously, and without lawful authority did seize, confine, kidnap and abduct the person of [victim's name], and caused [victim's name] to be secretly confined against her will, and that the said ROBERT E. BULLINGTON, did commit the acts aforesaid while armed with a pistol; to-wit: a .32 caliber revolver; contrary to Section 559.230 and 556.140, Missouri Revised Statutes, 1959, in such case made and provided, and against the peace and dignity of the State."

Briefly, the evidence supported a jury finding that on November 5, 1965, appellant had a date with a girl whom he had dated several times on prior occasions. They returned from this date and parked in front of the girl's house in St. Louis, Missouri. Appellant attempted to kiss her and to make sexual advances. She resisted and appellant forcibly held her in the car, took a gun from the glove compartment and put the gun against her ribs. She heard two clicks of the gun and appellant threatened to kill her if she continued to resist. Appellant took the girl, who testified she had never had intercourse before, to Illinois where he forced her under threat of death to have sexual intercourse with him twice. Appellant then drove the girl to her home and warned her not to call the police.

Instruction No. 1, inter alia, told the jury that if they found defendant guilty they could assess punishment at death or at imprisonment for such time as the jury deems proper; not less, however, than five years. The death penalty was sought by the state. The jury returned its verdict as follows: "We, the jury in the above entitled cause, find the defendant guilty of Kidnapping while Armed as charged and assess his punishment at imprisonment in the penitentiary for the remainder of his Natural Life."

On November 10, 1966, the trial court entered up judgment and sentence on the verdict and sentenced the appellant to life imprisonment. Appellant then pleaded guilty to another charge of stealing over fifty dollars and was sentenced to five years to be served concurrently with the life sentence imposed on the kidnaping conviction. The instant motion and appeal does not involve the five-year sentence.

In appellant's instant 27.26 motion and on this appeal, he asserts four grounds for setting aside the verdict, judgment and sentence on the kidnaping charge, to wit:

1. Appellant was indicted, tried, convicted and sentenced under the wrong statute, § 559.230, RSMo 1959 [1969][1] (Kidnaping for Ransom), resulting in a life sentence; the offense established by the evidence, violation of § 559.240 (Kidnaping without Ransom), has a maximum of ten years.

2. Material evidence, obtained by the state during illegal custodial interrogation, was introduced at the trial in violation of appellant's constitutional rights.

3. Appellant was denied effective assistance by counsel of his own choosing in violation of his constitutional rights.

4. The jury after selection, but before being sworn, was allowed to separate contrary to the intent of statute in capital cases.

Appellant's first point is one of law and not of fact. The indictment alleges appellant kidnaped a girl and caused her "to be secretly confined against her will," and that defendant "did commit the acts aforesaid while armed with a pistol; to-wit: a .32 caliber revolver; contrary to Section 559.230 and 556.140, Missouri Revised Statutes, 1959, * * *" It stands admitted that the element of ransom or reward was not charged, proved nor submitted and was not involved in this prosecution in any respect.

---

1. All statutory references are to RSMo 1969, V.A.M.S., unless otherwise indicated.

Appellant's position is that ransom or reward is an essential element to prosecution under § 559.230. Respondent's position is that the enactment of § 559.230 in 1901 impliedly repealed § 559.240 and, therefore, § 559.230 is the only Missouri law relating to kidnaping and the element of ransom or reward is not an essential element to conviction under it.

There are two kidnaping statutes in Missouri. Section 559.240, entitled "Kidnaping", first appears in the Revised Statutes of 1825 and, except for an amendment in 1909, has continued in substantially its original form to the present. It provides:

"559.240. *Kidnaping*

"1. If any person shall, wilfully and without lawful authority, forcibly seize, confine, inveigle, decoy or kidnap any

"[S.B. 33]

person, with intent to cause such person to be sent or taken out of this state, or to be secretly confined within the same against his will, or shall forcibly carry or send such person out of this state against his will, he shall, upon conviction, be punished by imprisonment in the penitentiary not exceeding ten years.

"2. Any person charged with such offense may be tried in any county into or through which the person so seized, inveigled, decoyed or kidnaped shall have been taken, carried or brought."

In 1901 the legislature enacted the second kidnaping statute which is presently § 559.-230. It appears in its original form in Laws of Missouri 1901, p. 133, Forty-First General Assembly, as follows:

## CRIMES AND PUNISHMENTS: *Kidnaping.*

"AN ACT to provide for the punishment of any one guilty of kidnaping or carrying away any child or other person for purpose of obtaining ransom, with emergency clause.

| "SECTION | SECTION |
|---|---|
| 1. Kidnaping for purpose of ransom punished by death or imprisonment at option of jury. | 2. Emergency clause. |

*"Be it enacted by the General Assembly of the State of Missouri, as follows:*

Section 1. If any person or persons shall wilfully, without lawful authority, seize, confine, inveigle, decoy, kidnap or abduct or take or carry away by any means whatever, or attempt so to do, any child of any age, or any person or persons and attempt or cause such child or person or persons to be secretly confined against their will, or abducted for the purpose and with the intention of causing the father or mother or any other relative of the person so abducted, or any one else, to pay or offer to pay any sum as ransom or reward for the return or release of

any such child or person or persons, said person or persons so guilty of the above mentioned acts or act, shall, on conviction, be punished by death or imprisonment in the penitentiary not less than five years, at the option of the court or the jury assessing the punishment. Any person or persons charged with such offense may be tried in any county into or through which the person or child so seized, inveigled, decoyed, kidnaped, abducted or otherwise taken shall have been carried or brought.

Sec. 2. There being no adequate provision in the statutes of this state providing for kidnaping or abducting children

or other persons for the purpose of obtaining a ransom or sum of money for their release, creates an emergency within the meaning of the constitution, and this act shall take effect from and after its passage and approval.

Approved March 9, 1901."

In 1909, eight years after the enactment of § 559.230, the general assembly amended the original kidnaping act passed in 1825 (now § 559.240). Since 1909, both §§ 559.230 (Kidnaping for Ransom) and 559.-240 (Kidnaping) have remained in their present form.

The repeal of a statute by implication is a matter of legislative intent, is not presumed, and is not favored. State v. Oswald, Mo., 306 S.W.2d 559, 562; Fleming v. Moore Bros, Realty Co., 363 Mo. 305, 251 S.W.2d 8, 15. Where two acts are seemingly repugnant, they must, if possible, be so construed that the latter may not operate as a repeal of the earlier one by implication; if they are not irreconcilably inconsistent, both must stand. State ex rel. Priesler v. Toberman, 364 Mo. 904, 269 S.W.2d 753, 754; State ex rel. and to Use of Geo. B. Peck Co. v. Brown, 340 Mo. 1189, 105 S.W.2d 909, 911; State v. Ludwig, Mo., 322 S.W.2d 841, 848. Repeals by implication usually arise where a later statute covers the whole subject matter of an earlier statute or where its provisions are so repugnant to the other as to make the two statutes irreconcilable. State v. Oswald, supra; State ex rel. Gregory v. Brodie, 161 Mo. App. 538, 143 S.W. 69, 72; 82 C.J.S. Statutes § 290, p. 489. Where there are two or more provisions relating to the same subject matter, they must, if reasonably possible, be construed so as to maintain the integrity of both. State ex rel. R. Newton McDowell Ins. v. Smith, 334 Mo. 653, 67 S.W.2d 50; Gross v. Merchants Produce Bank, Mo.App., 390 S.W. 2d 591, 598.

■ While the statutes themselves constitute the principal evidence from which the intent of the legislature must be discerned, we may consider the official Journals of the House and Senate as indicia of legislative intent where, as here, two laws exist and ambiguity arises from the fact of their concurrent existence.

Prior to the Forty-First General Assembly, 1901, the only law in Missouri relating to kidnaping was § 1854, Article 2, Chapter 15, R.S.1899. This section was enacted in 1825 and is now § 559.240 (Kidnaping without Ransom). In the early days of the Forty-First General Assembly, three bills were introduced with reference to kidnaping. The Journal of the House, p. 49, shows H.B. 77 was introduced January 10, 1901, described as, "An act to *amend* section 1854, Article 2, Section 15, Revised Statutes of Missouri 1899, relating to kidnaping; read first time. * * *" On the same date and same page of the House Journal, H.B. 84 was introduced and described as being, "An act to *repeal* section 1854, Chapter 15, Article 2, Revised Statutes 1899 in relation to kidnaping and enacting in lieu thereof a new section; read first time * * *" (Emphasis ours.)

House Journal, p. 130, and Senate Journal, p. 128, reflect the following message was received by both houses from the Governor:

"I respectfully urge the speedy enactment of a law which will permit the infliction of the death penalty in cases of kidnaping for ransom.

"The recent atrocious crime in our sister State of Nebraska strongly appeals for the passage of such a law. I am sure it will be cordially approved by every father and mother in this State.

"Under our statutes train robbery is properly punishable by death or imprisonment in the State penitentiary. It seems that the crime of child robbery for the purpose of ransom should be prohibited under penalties as severe as the crime of train robbery.

"ALEX A. DOCKERY"

Senate Journal, p. 80, reflects the introduction of S.B. 33 entitled, "An act to punish anyone guilty of kidnaping or carrying away any child or other person; * * *" Senate Journal, p. 531, reflects the concurrence by the Senate to a House amendment to the title of S.B. 33, by adding thereto the words, "for purpose of obtaining ransom, with emergency clause." Thereafter, S.B. 33, entitled, "AN ACT to provide for the punishment of any one guilty of kidnaping or carrying away any child or other person for the purpose of obtaining ransom, with emergency clause", passed both Houses and was signed into law by Governor Dockery on March 9, 1901. Laws of Missouri 1901, p. 133.

From the foregoing it appears the general assembly had before it the opportunity of *amending* the then existing kidnaping statute by H.B. 77 or *repealing* it and enacting a new section by H.B. 84 but rejected both avenues and instead enacted an entirely new section. It further appears that the attention of the general assembly was pointedly directed toward the need for legislation punishing the specific crime of kidnaping for ransom, and in enacting the new law the general assembly knowingly left standing § 1854, Article 2, Chapter 15, relating to kidnaping in general.

Further evidence of the general assembly's continuing intent not to repeal § 1854 (§ 559.240) is the act of the Forty-Fifth General Assembly in 1909 of amending § 1854 of Article 2, Chapter 15, of the Revised Statutes of 1899. See Laws of Missouri 1909, p. 450. It is clear that the Missouri legislature never intended to repeal § 1854, Article 2, Chapter 15 (now § 559.-240), but, to the contrary, the general assembly by its acts evidenced a clear intent that it remain in force.

■ Nevertheless, if the legislature enacts two laws on the same subject that are irreconcilably repugnant to each other, the latter act will, in law, have the effect of repealing the former. O'Brien v. Sedalia Trust Co., 319 Mo. 1001, 5 S.W.2d 74.

However, as stated supra, where two acts are seemingly repugnant, they must, if possible, be so construed that the latter may not operate as a repeal of the earlier one by implication, and if they are not irreconcilably inconsistent both must stand.

In support of appellant's position against implied repeal, he cites State v. Gilman, 329 Mo. 306, 44 S.W.2d 146, in which this court said that § 4020, R.S.1929 (now § 559.230), defined and fixed the punishment for kidnaping for ransom, and that § 4021, R.S. 1929 (now § 559.240), did not contain the element of ransom, and State v. Green, 359 Mo. 839, 224 S.W.2d 111, where this court observed that Green's life sentence on a charge of kidnaping without ransom had previously been corrected by the circuit court's action in reducing the sentence and that kidnaping without ransom carried a maximum penalty of ten years' imprisonment. Other cases cited by appellant are ones in which defendants were prosecuted under § 559.240 long after 1901 and indicate a continuous course of conduct by the state inconsistent with the position taken that § 559.240 had been repealed by implication.

Respondent cites State v. Rosegrant, 338 Mo. 1153, 93 S.W.2d 961, and State v. McGee, 336 Mo. 1082, 83 S.W.2d 98, for the proposition that ransom or reward is not a necessary element to prosecution under § 559.240; and, at first blush, both cases seem to support respondent's position.

It is significant, however, that Rosegrant and McGee were prosecutions under § 4020, R.S.1929 (now § 559.230), in which the charging instruments alleged kidnaping for the purpose of ransom or reward; the evidence supported the allegations and the instructions required a finding of kidnaping for ransom or reward. The *issue* in Rosegrant involving ransom or reward was *not* whether it was a necessary element to prosecution under § 4020, R.S.1929. In Rosegrant the defendant's attack upon the indictment was that it charged conjunctively in the same count two separate and distinct offenses which allegedly were in-

herently inconsistent—namely, (1) kidnaping for the purpose and intention of causing another *to pay a sum as ransom for the release* of the person abducted, and *(2)* kidnaping for the purpose and with the intention of causing another *to offer to pay a sum as a reward for the return* of the person abducted. Rosegrant's contention was based on his interpretation of the words appearing in the last half of paragraph one of § 4020 (§ 559.230) beginning "abducted for the purpose of and with the intention of causing * * * to pay *or* offer to pay * * * ransom *or* reward". (Emphasis ours.) Neither party contended that the monetary element—whether it be called ransom or reward—was not an essential element to prosecution under this section. In Rosegrant the court said, loc. cit. 969: "While appellant's demurrer attacks the sufficiency of the * * * indictment * * * the attack in appellant's brief is limited to the acts prohibited by the second subdivision of the statute— an abduction for ransom or reward—and do not embrace the acts set out in the indictment and found in the first subdivision of the statute * * *." The court then, rather gratuitously, stated that "All *that* portion of the indictment referring to the acts of abduction for ransom or reward *might* be treated as surplusage and rejected". (Emphasis ours.) This and other language of the Rosegrant opinion tending to imply that the monetary element—ransom or reward—is not necessary to prosecution under § 559.230 was not necessary to the decision in that case and constitutes dicta insofar as the essential elements of an offense under § 559.230 are concerned.

We adhere to the holding of Rosegrant that the second subdivision of paragraph one of § 559.230 relating to ransom or reward does not, within its own terms, define two offenses but does set forth those elements relating to intent to obtain or the obtaining of consideration for the release of the person abducted.

As noted above, the respondent also relies on State v. McGee, 336 Mo. 1082, 83

S.W.2d 98, for the proposition that the element of ransom or reward is not necessary to the offense proscribed by § 559.230. State v. McGee must be read in the light of the issues for the decision presented therein. McGee claimed the Circuit Court of Jackson County, Missouri, had no jurisdiction to try him for kidnaping for ransom because the offense, according to McGee, was consummated in Kansas. McGee seized the victim in Kansas City, Missouri, and took her to Shawnee, Kansas, and demanded ransom. The court rejected appellant's contention holding that under § 559.230 "[t]he gist of the taking or carrying away is unrestricted as to place. The evidence established a taking or carrying away in Jackson county, Mo., for the purpose of causing the father to pay a ransom for the release of his daughter." 83 S.W.2d loc. cit. 110. This holding was responsive to the issues presented, and we adhere to it. In McGee the court was not called upon to determine the question of whether ransom or reward was an essential element to conviction under § 559.230 and the opinion did not undertake to determine that question.

Parenthetically we observe from a reading of the briefs filed in both Rosegrant and McGee, supra, which are a part of our records, that the attorney general's briefs for the State of Missouri continually acknowledged the presence of ransom or reward as a necessary element to conviction under § 559.230 (then § 4020, R.S.1929).

Appellant calls our attention to State v. Ashworth, 346 Mo. 869, 143 S.W.2d 279 (1940), which sets forth an information for kidnaping under § 4020, R.S.1929 (§ 559.-230), and makes *no reference to ransom or reward*. The case came here on writ of error following a judgment of conviction entered on defendant's plea of guilty, wherein the principal complaint was an alleged failure to grant allocution and alleged defects in the information, to wit: (1) failure to conclude the information with the words "against the peace and dignity of the State", and (2) failure of the information to apprise defendant of the penalty. The

question of whether the element of ransom or reward is necessary to conviction under § 559.230 was not presented nor determined.

■ Under our system of government, the responsibility for the enactment of laws proscribing certain conduct and the fixing of the limits of punishment is a legislative and not a judicial function. State v. Nord, Mo., 286 S.W.2d 775, 776; however, we are not here dealing with the interpretation and construction of § 559.230 in circumstances where it is the *only* legislative act pertaining to kidnaping and the punishment therefor. We have here a situation where the general assembly has intentionally enacted two laws—§§ 559.230 and 559.-240—relating to kidnaping, and our construction and interpretation of either must recognize the existence of the other. In so doing we must consider the entire legislative enactment, and under our Constitution 1945, Art. 3, § 23, V.A.M.S., the title of a statute is necessarily a part thereof and is to be considered in construction. A. J. Meyer & Co. v. Unemployment Compensation Commission, 348 Mo. 147, 152 S.W.2d 184, 189; Dart v. Bagley, 110 Mo. 42, 19 S.W. 311. By *title* to the act, we mean the title as enacted by the legislature and not the catchwords prefixed by the compiler of the laws which are not a part of the title in a constitutional sense. Ex parte Lockhart, 350 Mo. 1220, 171 S.W.2d 660, 663; State v. Oswald, Mo., 306 S.W.2d 559, 561.

■ The title to § 559.230 specifically proscribes the act of "kidnaping * * * any * * * person *for the purpose of obtaining ransom,* with emergency clause." (Emphasis ours.) The specificity of this title in view of the legislative history of this act, and considering the emergency clause which recognizes that there was no adequate provision in the statutes for kidnaping for "the purpose of obtaining a ransom or sum of money for their release", leads us to the conclusion, and we so hold, that the element of ransom or reward as set forth in § 559.230 is a necessary element to prosecution under § 559.230.

■■ We hold that the enactment of § 559.230 did not effect an implied repeal of § 559.240 but created a new offense with an attendant substantial increase in the range of punishment over § 559.240. We are supported in this conclusion by rules of construction which require that a penal statute be construed with a degree of strictness commensurate with the severity of the penalty it imposes, and where the penalty is onerous no one can be held to have violated its provisions unless his acts come within both the letter and spirit of the law. State ex inf. Collins v. St. L. & S. F. R. Co., 238 Mo. 605, 142 S.W. 279.

The two statutes—§§ 559.230 and 559.240—are not in irreconcilable conflict. Section 559.230 (Kidnaping for Ransom) is restricted in its availability to those cases wherein the element of ransom or reward is present. Section 559.240 (Kidnaping) is available regardless of the presence of the element of ransom or reward.

■ *The indictment upon which movant-appellant was tried and found guilty by a jury did not allege the element of ransom or reward.* It is necessary to allege all the essential elements of the crime intended to be charged. Criminal rule 24.01, V.A.M.R., State v. Cunningham, Mo., 380 S.W.2d 401, 403; State v. Colbart, Mo., 411 S.W.2d 92, 94; State v. Nolan, Mo., 418 S.W.2d 51. Otherwise, the accused's right to be informed as to the nature of the crime attributed to him is violated. State v. Colbart, supra; State v. Schultz, Mo., 295 S.W. 535; State v. Ballard, Mo., 394 S.W.2d 336. The indictment in the instant case is therefore insufficient insofar as it attempts to charge appellant with a violation of § 559.230.

■ Respondent has insisted in its brief and oral argument that the prosecution was intended to be under § 559.230 and directs our attention to the indictment wherein it is alleged " * * * contrary to Section

**342** ■

559.230" as proof of the validity of the respondent's position. However, the recitation in the indictment of a statute number is not conclusive as to the offense charged and may be treated as surplusage. State v. Ashworth, 346 Mo. 869, 143 S.W.2d 279, 283. As stated in United States v. Hutcheson, 312 U.S. 219, 61 S.Ct. 463, 464, 85 L.Ed. 788: "In order to determine whether an indictment charges an offense against the United States, designation by the pleader of the statute under which he purported to lay the charge is immaterial. He may have conceived the charge under one statute which would not sustain the indictment, but it may nevertheless come within the terms of another statute." See also 42 C.J.S. Indictments and Informations § 138, p. 1034, footnote 99, and United States v. McKnight, 2 Cir., 253 F.2d 817, 820. The indictment in the instant case does appear to charge an offense under § 559.240—Kidnaping.

In the recent case of State v. Nolan, Mo., 418 S.W.2d 51, the trial court, on a 27.26 motion, set aside judgment and sentence on the ground that the information failed to allege an essential element of the crime charged, to wit: use of a dangerous and deadly weapon and, consequently, the trial court was without power or jurisdiction to impose the sentence that it did. In State v. Nolan the trial court ordered a new trial and we affirmed. The same remedy is applicable here.

In view of the decision reached in this case, it is not necessary that we consider in detail the other grounds asserted as a basis for relief.

Accordingly, we reverse the order and judgment of the trial court and remand the cause with directions to vacate and set aside the judgment and sentence imposed on Robert Ernest Bullington on November 10, 1966, in criminal cause number 2619–N and to grant him a new trial and for further proceedings consistent with this opinion.

All concur and ROGERS, Special Judge, concurs.