**STATE of Missouri, Respondent,**

v.

**Billy Wayne LEE, Appellant.**

**KCD 26113.**

*Missouri Court of Appeals,*
*Kansas City District.*

Dec. 4, 1972.

Paul T. Miller, Exec. Director, Willard B. Bunch, Chief Exec. Director, Henri J. Watson, The Legal Aid & Defender Society of Greater K. C., of counsel, Kansas City, for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, C. J., PRITCHARD and WASSERSTROM, JJ., and J. DONALD MURPHY, Special Judge.

WASSERSTROM, Judge.

From a conviction of burglary in the second degree and burglarious stealing under § 560.110 V.A.M.S., with resulting consecutive sentences of three years on the burglary and two years on the stealing, the defendant appeals. He attacks the sufficiency of the information and also the admissibility of certain evidence. Since we sustain the attack on the information, it is unnecessary to consider the evidentiary points. Those are no longer live issues and any discussion thereof "would amount to nothing more than obiter dictum". State v. Cunningham, Mo., 380 S.W.2d 401, l. c. 402; quoting from State v. Harris, Mo., 313 S.W.2d 664, l. c. 671; State v. Cantrell, Mo., 403 S.W.2d 647, 651.

■ The basis for defendant's attack upon the information is that it does not allege who owns the burglarized premises. The leading case on the subject in Missouri is State v. Ford, Mo., 403 S.W.2d 611, 1. c. 612, in which the Missouri Rule was summarized as follows:

"An examination of the cases will disclose that Missouri has always followed the majority rule which requires that 'an indictment or information for burglary, whether at common law or under a statute, must allege the ownership of the building or dwelling entered.' Annotation, 169 A.L.R. 887. State v. Wright, 339 Mo. 41, 95 S.W.2d 1159; State v. Peterson, Mo.Sup., 305 S.W.2d 695. However, the strict rule originally followed has been modified in two respects. It is no longer required that the legal status of the alleged owner be averred, i. e., whether a corporation, partnership, or individual. State v. Zammar, Mo. Sup., 305 S.W.2d 441 [1]. And it is usually not necessary to allege who owns the legal title to the building, but it is sufficient to allege the occupancy or possession of the premises at the time they were burglarized. State v. Peterson, Supra; State v. Jeffords, Mo.Sup., 64 S.W.2d 241."

The State argues "that it is a mere surplusage to require that an information charging burglary allege the ownership of the building when the building is otherwise sufficiently described to accurately identify it", and cites a number of cases from other jurisdictions so holding. However, even the State's brief acknowledges that "a majority of the states still appear to require that an allegation of ownership of the building is necessary, and the Missouri Supreme Court has adopted the majority view". No matter how appealing the minority view might be if this were a matter of first impression, the adoption of the majority rule by the Supreme Court is binding upon this Court.

As a second line of defense, the State argues that even though the information does not directly allege the ownership of the burglarized premises, nevertheless, such is inferable. That argument is premised upon the allegation in the information that certain personal property stolen from the premises were "the goods and property of Conrad A. Smith, Jr., in said building then and there being found". This quoted language cannot be said to allege that the building itself was owned by Conrad A. Smith, Jr. While the Missouri Supreme Court has been rather liberal in construing informations as sufficiently charging ownership, the allegations here cannot come within the scope of even the liberal approach accorded in State v. Rist, Mo., 456 S.W.2d 13; State v. Bell, Mo., 442 S.W.2d 535; and Stanfield v. State, Mo., 442 S.W.2d 521.

■ Nor is it logical to proceed from the fact that certain personal property taken from the building belonged to Conrad A. Smith, Jr., to an inference that the building was owned by, or even in the possession of that individual. It is perfectly possible that the building was owned by someone else who was holding the property of Smith as a bailee. In any event, an indictment or information must state all necessary elements of the offense directly, and cannot leave these matters to mere inference. State v. Cantrell, Mo., 403 S.W.2d 647; State v. Harris, Mo., 313 S.W.2d 664; State v. Hook, Mo.App., 433 S.W.2d 41; State v. Barlett, Mo.App., 394 S.W.2d 434. As stated in the Barlett case, which language was quoted by this Court in the Hook case:

"Nothing which is material to the charge will be taken by intendment. In criminal cases all presumptions go in favor of innocence. The accused cannot be presumed to know and be apprised of that which is not clearly set forth. It devolves upon the pleader to set forth facts which bring the accused within the terms of the statute. [citing cases] Thus it is that neither the court nor the defendant is required to go beyond the information in order to ascertain the crime with

which defendant is charged, nor to guess or speculate upon the meaning. * * * "

As a third and final argument in defense of the information, the State argues that the information is sufficient to support the conviction of stealing separately and independently of the charge of burglary. This argument is untenable, in light of recent Missouri Supreme Court cases holding that burglarious stealing under § 560.110 is dependent upon a conviction of burglary. The leading case on this subject is State v. Cline, Mo.Banc, 447 S.W.2d 538, cert. den., 398 U.S. 910, 90 S.Ct. 1706, 26 L.Ed.2d 71, in which the Supreme Court overruled previous decisions which had held that a defendant, charged in one indictment with burglary and stealing in conjunction therewith, might be acquitted of the burglary and still convicted of stealing. In this connection, the Cline opinion holds at l. c. 543:

"Stealing in connection with a burglary is a specific kind of offense which the general assembly has constituted a felony and for which it has provided a penalty to be assessed *in addition* to the punishment for burglary. A finding of burglary by the jury is an indispensable prerequisite to a verdict of guilty for stealing in connection with the burglary."

More recently in State v. Collins, Mo., 465 S.W.2d 576, the Supreme Court reversed a conviction under § 560.110 where the jury had acquitted defendant of the burglary charge, but found him guilty of stealing. Then, even more recently, the Court in State v. Staten, Mo., 478 S.W.2d 265, l. c. 266, reiterated the rule as follows:

"The rationale of Cline is that § 560.110, supra, defines a separate and distinct offense of burglary and burglarious stealing. Burglary is a constituent element of a stealing charge under that statute and a jury verdict such as this is not merely inconsistent. It shows conclusively that the jury has failed to find a constituent element of the offense and therefore it cannot stand."

The defendant in this case is not legally charged with burglary under the defective information here. Since under the foregoing cases an offense of burglary is an indispensable element of burglarious stealing, the information also fails to adequately allege the burglarious stealing.

The judgment is reversed and the cause is remanded to give the State an opportunity to seek leave to file an amended information or take such other action as it deems advisable. State v. Cunningham, Mo., 380 S.W.2d 401, l. c. 403; State v. Sullivan, Mo., 454 S.W.2d 515, l. c. 517; State v. Harris, Mo., 313 S.W.2d 664, l. c. 671; State v. Cantrell, Mo., 403 S.W.2d 647, l. c. 651; State v. Hook, Mo.App., 433 S.W.2d 41, l. c. 45.

All concur.